38371. REEVES v. SOUTHEASTERN MOTOR LINES, INC.

GARDNER, Presiding Judge. This is a case where a prospective passenger of the defendant Southeastern Motor Lines, Inc., went to the bus depot used by the defendant and purchased a bus ticket. The petition shows that the defendant maintains for the use of its passengers or invitees a walkway on the west side of the bus station, which walkway has an iron railing which extends from the rear to within 10 feet of the front of the building; that the 7-foot wide walkway is raised above the level of the driveway; that the walkway narrows before it intersects with the sidewalk to 2 feet, 2 inches, and then becomes level with the coach entrance; that the iron rail does not extend to the end of the walkway but stops some distance before the intersection of the walkway with the sidewalk; that motor coaches, when making a right turn into the depot, necessarily traverse that part of the walkway which is also intended for the use of pedestrains using the walkway to reach the sidewalk or to enter the bus station; that on the day of the alleged injury of Edward Reeves, the plaintiff, he entered the bus station and purchased a ticket and that after purchasing the ticket he proceeded through the walkway towards the street and when he was on the walkway a coach operated by the Greyhound Corporation made a right turn into the driveway, "cut the corner" and traversed that portion of the walkway used and intended for the pedestrians and which was at the time being used by the plaintiff, resulting in the plaintiff being struck, knocked

down and thrown under the wheels of the bus, causing injuries which are described in the petition; that prior to the accident the plaintiff was an able-bodied, 40-year-old male, earning $40 per week, with a life expectancy of twenty-seven years; that as a result of the injury his earning capacity and life expectancy were materially reduced; that since the accident the plaintiff has suffered, will continue to suffer and will be crippled for life. The alleged negligence on the part of the defendant is set out.

The court sustained the general demurrer and dismissed the petition. It is to this ruling that the case is here for review.

Counsel for the defendant discusses the case of *Greyhound Corporation v. Stokes*, 91 Ga. App. 674, 677 (86 S. E. 2d 804), where the Court of Appeals held that a bus company cannot, by lease, dispose of its property so as to relieve itself from liability for acts done or omitted through a lessee. Counsel attempts to differentiate that case from the case at bar, stating that where the record shows that the bus terminal is used, not owned or leased, by a particular bus company, the ruling in the *Stokes* case does not prevail. We cannot see that this differentiation helps the defendant, because certainly a bus terminal would not have any reason for existing except for the use of busses in its business of carrying passengers and/or freight. It was held in *Delta Air Lines, Inc. v. Millirons*, 87 Ga. App. 334 (73 S. E. 2d 598), that the duty of a carrier, in respect to the maintenance of premises for the use of arriving or departing passengers, is the same as that of an owner or occupier of land who induces the public, by express or implied invitation, to enter the premises for lawful purposes, and that the defendant's duty is to exercise ordinary care in keeping the premises safe. That case holds further that it is a carrier's duty to use ordinary care to provide safe facilities at its stations. "In short, a reasonably prudent man, exercising ordinary care to protect invitees upon his premises from injury, would be said to keep his premises reasonably safe." It matters not whether the terminal is or is not owned by the carrier. It is still the duty of the carrier to use ordinary care to see that the terminal facilities are reasonably safe for the use of the public who might be on the premises.

It is a jury question as to whether or not ordinary care was

used to protect the plaintiff from injury. It is also a jury question as to whether negligence, if any, was the proximate cause of the injury to the plaintiff.

The court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Townsend, Carlisle, and Frankum, JJ., concur.*

DECIDED JUNE 29, 1960—REHEARING DENIED JULY 14, 1960.

*Joe R. Edwards, George G. Finch,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, Donald M. Fain,* contra.