## 45144. FELDMAN v. WHIPKEY'S DRUG SHOP et al.

EVANS, Judge. This case results from the sustaining of motions to dismiss by each defendant in a suit for damages against the defendants' alleged negligent installation of a boothette-type telephone on the sidewalk of the other defendant's drugstore on the outer wall of the building, for the convenience of the public. The petition alleged it was advantageous to have the pay telephone installed for the use and benefit of the customers and the general public, and on a named date, another party drove an automobile into the plaintiff as she stood at the boothette telephone making a call, causing her grievous injuries. The basis of her suit against these defendants is that they knew, or reasonably should have known, that such occurrences could take place, in that they have, in fact, occurred previously, and that the defendants were negligent in failing to install proper protective devices to protect the general public as invitees upon the property. It is also noted that the petition shows that plaintiff and her husband executed a covenant not to sue in favor of the party driving the automobile and an insurance company, upon receipt of the sum of $22,000. However, she alleges further that she has incurred additional medical expenses since that time, and that the defendants are liable to her, not only by commission of acts of negligence, but further, by omissions in not providing proper safeguards on or about the premises for her safety, and that the said acts were the proximate and direct cause of the injuries which she sustained. *Held:*

1. Since detailed pleadings are no longer required, the only question for decision here is whether or not, under the facts alleged, the plaintiff is entitled to any relief against the defendants. *Code Ann.* §§ 81A-108 (a), 81A-112 (Ga. L. 1966, pp. 609, 619, 622; 1967, pp. 226, 230, 231); *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Ghitter v. Edge,* 118 Ga. App. 750 (1) (165 SE2d 598). While a general allegation of defendants' negligence is all that is required, yet the plaintiff here set out in detail averments of fact which made it unnecessary for detailed discovery by the defendants to determine if these defendants were guilty of negligence in any manner in the resulting injuries to the plaintiff by reason of an automobile suddenly jumping over the curb and sidewalk and striking the petitioner and crush-

ing her body against the steel pipe and brick wall of the drugstore. She specifically alleged that the telephone contained no safety device for protecting the user, and that there was no guardrail or other protective structure between the sidewalk and the parking apron to protect pedestrians or persons standing in front of said structure or using the public pay telephone from automobiles or other vehicular traffic using the parking apron, and operated in the manner in which the automobile which struck her was being used.

2. One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what is only remotely and slightly probable. See *Powell v. Waters*, 55 Ga. App. 307 (190 SE 615); *Peggy Ann of Ga. v. Scoggins*, 86 Ga. App. 109, 116 (71 SE2d 89); *Yarbrough v. Cantex Mfg. Co.*, 97 Ga. App. 438, 440 (103 SE2d 138).

3. But the proprietor of premises is not the insurer of persons thereon against all acts of co-invitees, and when said proprietor has used or exercised ordinary care to keep the premises safe, he is not guilty of negligence. *Watson v. McCrory Stores*, 97 Ga. App. 516, 518 (103 SE2d 648).

4. The general rule in such cases is not whether injuries result or the consequences were possible, but whether they were probable, that is, likely to occur according to the usual experience of persons. It is not necessary that a person be required to anticipate or foresee and guard against what is unusual and not likely to happen, but to anticipate and foresee and provide against that which usually happens or is likely to happen. *Whitaker v. Jones, McDougald, Smith Pew Co.*, 69 Ga. App. 711, 716 (26 SE2d 545).

5. Ordinarily persons who maintain places of business adjacent to sidewalks are not under a duty to protect persons on the sidewalk from vehicles in the streets or co-invitees. In the case at bar, the authority most emphasized and relied upon by the plaintiff-appellant is that of *Blunt v. Spears*, 93 Ga. App. 623 (92 SE2d 573), but we point out that this case was reversed by the Supreme Court of Georgia in a full bench decision: *Southern Bell T. & T. Co. v. Spears*, 212 Ga. 537 (93 SE2d 659). We therefore affirm the judgment of the trial court in sustaining the defendant's motion to dismiss plaintiff's complaint.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED MARCH 4, 1970—DECIDED MARCH 19, 1970—
REHEARING DENIED APRIL 2, 1970—

*Aaron Kravitch, John W. Hendrix,* for appellant.
*Falligant, Doremus, Karsman & Maurice, Robert E. Falligant,
Jr., Bouhan, Williams & Levy, Frank W. Seiler,* for appellees.