47061.   ECKERD-WALTON, INC. v. ADAMS et al.
47062.   McCONNELL v. ADAMS et al.

Argued April 5, 1972—Decided April 19, 1972—
Rehearing dened muy 4, 1972—Cert.

*Fulcher, Hagler, Harper & Reed, William C. Reed,* for Eckerd-Walton.

*Congdon & Williams, W. Barry Williams, Burnside, Dye & Miller, A. Rowland Dye,* for McConnell.

*Nicholson & Fleming, Bobby G. Beazley, John Fleming,* for appellees.

DEEN, Judge. ■ The petition stated the plaintiff's claim against Eckerd in general terms, with 21 allegations of negligence relating to faulty construction, maintenance, failure to warn, etc. We cannot say that "the complaint disclose[s] with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support," which is the yardstick for dismissal stated in *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Columbus Bank & Trust Co. v. Dempsey,* 120 Ga. App. 5 (169 SE2d 349) and other cases. The motion made by Eckerds for dismissal as to it because of failure to state a claim was properly denied.

■ On the trial of the case the following appears without contradiction: Eckerd's is the corner building of a series of one story party-wall stores in a shopping center, entry to which is at right angles to a city street. There is diagonal parking in front of the buildings with sufficient room to drive comfortably for entry and exit between the row of parked cars and the sidewalk parallelling the street. Spaces are marked for parked cars immediately adjacent to an approximately four to five and a half inch curb separated from the buildings by a sidewalk six feet in width. The store front is composed of a 7-3/4 inch brick wall foundation above which is a large area of plate glass. Inside the building and some six feet back from this wall are the

stools and counter for customer service. The defendant McConnell crashed through the store front and pinned the plaintiff against the counter, which meant that she had to turn right from the street into the entrance area, turn left paralleling the row of buildings, turn right in front of Eckerd's, cross over the approximately 5-inch curb, over six feet of sidewalk, over the almost 8-inch brick wall and through the plate glass window. When the car came to a stop it was "perched" on the wall with the front wheels on the inside and the rear wheels on the outside, the brick foundation itself remaining substantially intact.

We have carefully examined the many grounds of negligence urged and find none of them sustained by the evidence. Allegations that the co-defendant driver was misled and deceived as to the proximity of the store front to the parking area are not borne out by the facts, or that the merchant failed to exercise proper control over cars entering the area. The main thrust of the argument is that the defendant should have anticipated that some negligent motorist would attempt to drive through his store and should either not have placed the counter stools in that area, or in some other way should have heightened the foundation wall or erected a barricade so as to make this type of negligence physically impossible. This case is stronger on its facts than *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580 (174 SE2d 474) where on detailed allegations of the complaint a motion to dismiss was sustained in favor of the defendant proprietor. There the plaintiff was injured while using a phone booth on the sidewalk immediately attached to the front of the defendant's shop when a vehicle jumped the sidewalk and crashed into the booth, and it was contended that the location of the telephone booth in close proximity to the parking area coupled with a failure to provide guardrails or other protective structure was negligence on the part of the proprietor. A close reading of the case reveals that the basis of the holding is simply that negligence consists in not foreseeing and guarding against that which is probable and likely to hap-

pen, not against that which is only remotely and slightly possible. The defendant drivers in *Whipkey* and in this case appear to have been guilty of substantially identical acts of negligence, except that here the force of the vehicle must have been greater than in *Whipkey* because the automobile not only jumped the curb and crossed the sidewalk but further jumped a 7¾ inch brick foundation wall, broke out the glass store front and proceeded several feet inside the building. *Whipkey* stands for the proposition that, absent special circumstances, such an occurrence is to be considered so remote as not to require special precautionary measures by one who is merely a tenant of an adjacent building. On the duty of a proprietor to protect invitees against the probable, rather than the remotely possible negligence of co-invitees, see *Watson v. McCrory Stores,* 97 Ga. App. 516 (103 SE2d 648); *Whitaker v. Jones, McDougald, Smith, Pew Co.,* 60 Ga. App. 711 (26 SE2d 545); *Peggy Ann of Ga. v. Scoggins,* 76 Ga. App. 109 (71 SE2d 89). It was error to deny Eckerd's motion for directed verdict and subsequent motion for judgment notwithstanding the verdict based thereon. While we recognize certain factual differences between this case, *Whipkey,* and *Scoggins,* as pointed out in the defendant's brief, the rationale is the same. This defendant did nothing which proximately *caused* the plaintiff to be injured, and can only be held negligent if the facts are such that it should have foreseen and guarded her against the negligence of another. The particular act of negligence it is called upon by the plaintiff to guard against has, in *Whipkey,* been held so remote and improbable as not reasonably to be anticipated by a merchant in the exercise of ordinary care. The factual situations in *Johnson v. John Deere Plow Co.,* 214 Ga. 645 (106 SE2d 901) and *Reeves v. Southeastern Motor Lines,* 102 Ga. App. 193 (115 SE2d 588) present different sets of circumstances under which the appellate courts respectively held that a jury question on the issue of a defendant's duty to anticipate the negligence of another tortfeasor remained in issue. These are all border cases where it is easier to draw a conclusion from the

specific facts in evidence than to formulate a general rule. The trial court erred in denying Eckerd's motion for judgment notwithstanding the verdict.

■ The defendant McConnell appeals from the denial of her motion for new trial on the general grounds, on the basis that the reason for her vehicle crashing into the store front is unexplained and she should not therefore be held to be guilty of negligence. Circumstantial evidence is sufficient in a civil case to establish the conclusion sought to be proved, subject to the same rules and limitations as in criminal cases. *Ga. R. &c. Co. v. Harris*, 1 Ga. App. 714 (57 SE 1076). "In arriving at a verdict the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." *Code* § 38-123. Here, the defendant driver offered no evidence in her own behalf. The fact that her car was driven across a sidewalk and against a building with sufficient force to hit a person sitting inside six feet away from the inside wall is uncontested. Such circumstances, unexplained, could be sufficient to justify the inference of negligence in failing to control the vehicle so as to avoid injury to others.

However, since the verdict rendered against both defendants in a single sum has been set aside as to Eckerd-Walton, a new trial must be granted to the co-defendant McConnell. *Smith v. Nelson*, 123 Ga. App. 712 (5), supra.

*The judgment is set aside as to both defendants, with direction that judgment notwithstanding the verdict be entered in favor of Eckerd-Walton, Inc. in case No. 47061 and that a new trial be granted to the defendant Marjorie McConnell in case No. 47062. Eberhardt, P. J., and Clark, J., concur.*