48215. KELLY v. CHRYSLER CORPORATION.

SUBMITTED MAY 8, 1973 — DECIDED JUNE 20, 1973 — REHEARING DENIED JULY 19, 1973.

*Roberts, Moore, Worthington & Hawkins, Samuel W. Worthington, III,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, J. Madden Hatcher, Jr., Gary L. Coulter,* for appellee.

CLARK, Judge. The instant imbroglio had its inception in the issuance of a manufacturer's warranty of Chrysler Corp. to plaintiff Kelly in March 1968 with his purchase of a new Chrysler automobile while stationed with the armed forces in Panama. This warranty guaranteed the automobile to be free from defect in material and workmanship for a period of 12 months or 12,000 miles whichever should first occur. Receiving orders to report for Vietnam duty plaintiff undertook to drive his new car to Columbus, Georgia. En route while in Mexico his car hit a bull.[1] The radiator, headlights, grille, and body were damaged. Essential repairs to permit continuance of the journey were made by the Chrysler dealer in Mexico City. The car functioned properly for completion of the trip of almost 4,000 miles. Upon reaching his destination Kelly took his automobile to the Columbus Chrysler dealer who reported that concern did not do extensive body repair work and suggested the required repairs be done by the Columbus Body Works, Inc.

In response to this question from his attorney, "Did you feel at this time that there was any defect in the engine?" he answered "At the time I turned it in to the Columbus Body Works, no sir." (T. 23). He also testified that after the automobile was repaired by Columbus Body Works and returned to him he discovered that the engine ceased to function. His first court action was a suit naming as defendants both the Chrysler Corp. and Columbus Body Works, Inc., but this joint action was voluntarily dismissed. The details of that initial action are not in this record but he followed the withdrawal of his initial double-barreled suit with another action brought against the Columbus Body Works, Inc. as sole defendant. A certified copy of that complaint was introduced in evidence by Chrysler Corp. He had there averred Columbus Body Works, Inc. had accepted the car as a bailment for repairs with a fair market value of $4,000 and had during the bailment damaged him in the sum of $3,900 on the basis that the vehicle's value was only $100

---

[1]"It's the real thing," states the Coca-Cola slogan. This was a real animal on the Mexican highway—and that's not "bull."

after the breach of bailment. That suit brought in the Superior Court of Muscogee County was terminated through dismissal with prejudice after a settlement for $750 which was consummated through a general release signed by Kelly and his wife.

Thereafter the instant suit was filed against Chrysler Corp. alone in the Civil Court of Fulton County. This action is based upon the manufacturer's warranty as contrasted with the previous Columbus Body Works action for breach of bailment. The instant complaint contained generally allegations identical with those in the complaint which had been filed in the Superior Court of Muscogee County, particularly as to the damages. Here paragraph 4 avers "Upon examination it was discovered that the pistons had burst and that numerous other engine parts were damaged." These words were the same which had been pleaded in paragraph 6 of the original complaint. Initially the damages sought here included $615.06 as expense of engine repairs plus loss of use for a period of 32 months during which time the car had been in storage at the direction of an attorney other than the firm now representing plaintiff. These damages were stricken. In lieu thereof a different measure of damages was stated, this being the difference between the represented value of $4,284.60 (the purchase price) and $100 as the value of the automobile with a defective engine.

In addition to denial of the allegations of the complaint Chrysler Corp. filed a special defense which read as follows:

"Defendant, Chrysler Corporation, shows unto the Court that plaintiff herein instituted a suit against Columbus Body Works, Inc., Civil Action No. 50114, in the Superior Court of Muscogee County, Georgia, on June 26, 1970 for substantially the same cause of action pending before this Court; that an answer and defenses were filed thereto and that Plaintiff and Defendant entered into a settlement agreement and that said claim was dismissed with prejudice to the Plaintiff on or about February 14, 1972; that Plaintiff executed a general release concerning the alleged damages to the engine of plaintiff's automobile including but not limited to the claim made by James F. Kelly in the above referred to Civil Action in the Superior Court of Muscogee County, Georgia; and that plaintiff has been compensated for his injuries and damages and can have only satisfaction for said injuries and damages and that said claim is barred by said release." (R. 26).

Plaintiff moved to strike this special defense on the basis that this was an action for breach of warranty and therefore differed from a tort action in which release of one joint tortfeasor releases

all. Pretermitting a ruling on this motion to strike, the case proceeded to trial. During the interrogation of plaintiff the trial judge decided to admit in evidence the pleadings of the Muscogee Superior Court suit against Columbus Body Works, Inc. which included the signed dismissal with prejudice as well as the general release executed by plaintiff and his wife. This general release was couched in the usual language reciting that the settlement was in compromise of disputed claims without being construed as an admission of liability which was expressly denied and that the release included but was not limited to the claims made in the Muscogee County Superior Court suit. It made no reference to reservation of rights against other parties.

A motion for a directed verdict in behalf of Chrysler Corp. was sustained. Thereafter a motion for new trial was filed on the general grounds along with special grounds that the court erred in directing a verdict for defendant and in overruling the plaintiff's motion to strike defendant's special defense. This appeal is from the judgment overruling that motion.

Plaintiff's legal theory is that the executed release in termination of the Columbus Body Works, Inc. action and all claims therein did not deal with a tort involving joint tortfeasors and therefore plaintiff was entitled to enforcement of the manufacturer's warranty as a separate and distinct contractual cause of action. This contention had validity as the former suit was for breach of a bailment contract and the instant suit was for breach of warranty. But the record in the case on appeal does not show that Chrysler Corp. was the party at fault. Plaintiff's presentation negates that contention.

Plaintiff made his election as to who was to blame for his defective engine. We are not provided with the allegations contained in the complaint filed against both Chrysler Corp. and Columbus Body Works, Inc. which was voluntarily withdrawn. But we do have in the record before us the complaint filed in the Muscogee County Superior Court against Columbus Body Works, Inc. alone. Plaintiff there pleaded that "at the time of delivery of said Chrysler automobile to the defendant [Columbus Body Works, Inc.] it had a fair and reasonable market value of $4,000" and that "while said automobile was in defendant's possession defendant failed to exercise ordinary and reasonable care with said automobile and caused it to be damaged as set out below." Furthermore the complaint says "as a result of defendant's failure to exercise ordinary and reasonable care while caring for said

automobile the engine was damaged beyond repair and returned totally inoperable, the pistons having burst and numerous other engine parts having been damaged or destroyed." (T. 71 and 72).

Such averments were properly permitted in evidence at this trial because they constituted admissions in judicio. Admissions contained in the pleadings of one party, "made and filed by him in another case, are admissible in evidence against him when pertinent to a question involved in the case on trial." *Central of Ga. R. Co. v. Goens,* 30 Ga. App. 770 (3) (119 SE 669).

In addition to the complaints in both cases wherein identical language is used as to the damages the plaintiff's testimony confirmed there had not been any breach of manufacturer's warranty prior to the completion of the 4,000 mile journey from Panama to Columbus. We quote from the transcript as follows: "Q. All right. In both lawsuits the only injury that you sustained was damage to your engine, is that correct? A. Yes, sir. Q. That's correct? A. Yes, sir. Q. You've just had one injury, just your damage to your engine. Now, in one case your measure of damages may be more than in the other case. A. Yes, sir. Q. But you just had one injury. A. Yes, sir. Q. All right. And Columbus Body Works paid you for this injury, didn't they? A. Yes, sir. Q. And you signed a release. A. Yes, sir. Q. And we have the release here, and we have the lawsuit that you filed against Columbus Body Works. A. Yes, sir. Q. All right. Now, do I understand it that when you took the car to Columbus Body Works, that the engine was running excellently when you delivered it to them? A. Yes, sir. Q. You had had no problems with your engine up to that time. A. No, sir." (T. 46-47).

In short, plaintiff's original suit and his testimony both showed only one party caused the damage, that being the Columbus Body Works, Inc. Having charged that party as solely at fault, and having accepted a sum in settlement and release of all claims against the party he claimed to have been solely responsible, he cannot pursue another party under another theory completely contradictory and inconsistent with the contentions made in the first suit. Code Ann. § 3-114.

Plaintiff's counsel contends that "There is no abstract rule of law which states that a person cannot recover twice for the same damages." He points out dual recovery is permitted under the Collateral Benefits Rule which allows one to recover medical expenses and lost earnings even though the same items may be recovered from the tortfeasor whose negligence caused them.

Such contention is not applicable here because plaintiff by his first suit and in his testimony placed all of the blame upon Columbus Body Works, Inc. He has not presented any evidence showing that the damages were the result of a breach of the manufacturer's warranty. Although he had two contractual claims, one for breach of contract and the other for breach of manufacturer's warranty, the evidence showed that the bailee was at fault and not the manufacturer.

Under these circumstances the trial court was correct in directing a verdict for defendant. Code Ann. § 81A-150 (a).

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs in the judgment only.*

## ON MOTION FOR REHEARING.

■ Appellant asserts our original opinion overlooked two facts wherein there was a failure to comply with Code Ann. § 81A-150 (a). The first is that the court directed the verdict before plaintiff had closed his case. The second element is that defense counsel made no motion for directed verdict stating the specific grounds therefor. Neither of these contentions was made in the motion for new trial nor as an enumeration of error. Accordingly, they cannot be considered upon appeal. *Roberts v. Farmer,* 127 Ga. App. 237 (193 SE2d 216) and cits.

Additionally, in fairness to the trial court we must observe that the transcript does not support these assertions. A discussion ensued at the commencement of the trial upon the legal point that ultimately served as the basis for the trial court's final decision with the court stating at page 12 that if the plaintiff's testimony proved to be along the line indicated by defendant's counsel that the court would entertain a motion for directed verdict. The transcript further shows counsel made no objection to the court's procedure and did not ask to present additional evidence upon the judge stating his judgment. Thus counsel's conduct amounted to acquiescence.

As to the absence of a motion for directed verdict by defendant's counsel it has been held that such motion is not essential where the evidence demanded the verdict. *North Ga. Feed &c. Co. v. Ultra-Life Laboratories,* 118 Ga. App. 149 (162 SE2d 803).

■ The decision of *Cox v. Travelers Ins. Co.,* 228 Ga. 498 (186 SE2d 748) dealing with the right to pursue concurrent remedies does not require a different result. That case specifies there was not any "negation or repudiation by the plaintiff of his cause of action," whereas here the evidence showed plaintiff charged Columbus

Body Works, Inc. as being solely at fault in the action against that firm.

3. Our decision is not opposite to the Supreme Court decision of *St. Paul Fire & Marine Ins. Co. v. Brunswick Grocery Co.,* 113 Ga. 786 (39 SE 483). In fact Headnote 2 of that decision states: "Admissions made by a party to a case on trial, in pleadings filed by such party in previous litigation with others, are, if relevant to the issues in the case being tried, admissible in evidence." See also *Spector v. Model Const. Co.,* 95 Ga. App. 14 (96 SE2d 900).

*Judgment adhered to.*