## 49603. CHATMON v. CHURCH'S FRIED CHICKEN, INC.

DEEN, Judge.

Willie Chatmon was injured when an automobile struck him from the rear as he stood at a take-out window

of Church's Fried Chicken establishment. He stood on a raised island, constructed for the purpose of providing a place for customers to place orders and wait for delivery of the food. He alleges in his petition that the automobile "jumped the curb" and hit him, and charges negligence in the failure of the defendant to provide a buffer zone between where cars park and customers stand waiting to be served, and permitting automobiles to park at the island. After filing defensive pleadings defendant moved for summary judgment, with supporting deposition and affidavits. *Held:*

Summary judgments should only be granted where, construing all inferences against the movant, it yet appears without dispute that the case can have but a single outcome. While the bare skeleton of this case (a customer standing in front of a store is hit by an automobile which jumped a curb) coincides with *Eckerd-Walton v. Adams,* 126 Ga. App. 210 (190 SE2d 490) and *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580 (174 SE2d 474), there are enough variations in the theme to incline us to the view that the possible negligence of Church's should be left for determination by the jury rather than the court. The distinctions are three in number: (1) The window here from which the purchaser obtained and paid for his food was not, as was the telephone booth in *Feldman,* established merely for the convenience of the public, but it was the medium through which the defendant made its sale and was established for its *own* benefit as well; (2) its location demanded that customers stand on the parking island in order to purchase, and thus that they stand of necessity immediately in front of the cars which are also attracted to these parking spaces in order to do business with the store, and (3) the curb between the car spaces and the island where people are standing is not a normal curb height, but is only 3 to 4 inches, and has no guard stops. Both drivers parking to do business with the defendant and people standing on the island are invitees; under Code § 105-401 the defendant owes them the duty to exercise ordinary care to keep the premises safe for them. A three-inch curb is undoubtedly less than half as safe from the danger of overshooting as a 6-inch curb. Where

the alleged defect is of a character that the minds of reasonable men might differ as to whether accidental injury should have been anticipated therefrom, the question is for the jury. *Roberts v. Wicker,* 213 Ga. 352 (99 SE2d 84).

The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Pannell, P. J., Quillian, Evans, Clark, Stolz and Webb, JJ., concur. Bell, C. J., and Eberhardt, P. J., dissent.*

ARGUED SEPTEMBER 5, 1974 — DECIDED OCTOBER 22, 1974 — REHEARING DENIED NOVEMBER 15, 1974 — ■

*Irwin M. Levine,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, George H. Connell, Jr.,* for appellee.

EBERHARDT, Presiding Judge, dissenting.

While the facts in the case here and those in *Eckerd-Walton v. Adams,* 126 Ga. App. 210 (190 SE2d 490) and in *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580 (174 SE2d 474) do have some slight variations, they are about as close as one could expect to find and this case should be governed by the same standards and principles announced in *Eckerd* and *Feldman.*

It has been observed that it should make no difference that in one case the offending animal was a cow while in another it was a bull that got out upon the highway and caused an automobile to wreck. See Taylor v. Allen, 151 La. 82, 119 (91 S. 635); *Emory University v. Williams,* 127 Ga. App. 881, 882 (195 SE2d 464).

I am authorized to state that Chief Judge Bell joins in this dissent.