### 51152. MUNFORD, INC. et al. v. GRIER.

QUILLIAN, Judge.

Loretta Grier sued Judy Ann Smith and Munford, Inc. in Bibb Superior Court alleging that she received serious injuries when struck by an automobile driven by defendant Smith. The plaintiff alleged that after having transacted business at Munford's Majik Market Store and while walking along the sidewalk in the vicinity of the front door en route to her car which was parked in the store's parking lot "the defendant, . . . Smith, drove a 1956 Chevrolet Sedan from the parking area onto the sidewalk, up to and against the plaintiff's body crushing plaintiff against the outside wall of the store."

She further alleged that Munford had constructed and occupied this store and parking lot for many years and knew that the lot and sidewalk was constructed and maintained in a hazardous and dangerous manner "in that there was no stopping device embedded in the parking lot asphalt which would prevent motorists from driving onto the sidewalk and thereby cause injuries to pedestrians. . ." and that Munford had prior notice of the tendency of the motorists to drive from the parking area onto the sidewalk.

The plaintiff charged that Munford was negligent in failing to exercise ordinary care to keep its premises and approaches safe for customers. She charged that the defendant Smith was negligent "in failing to have her vehicle under control, and in driving her vehicle onto a sidewalk intended for pedestrian traffic only."

To interrogatories served by the plaintiff, Munford filed sworn answers stating that the sidewalk in front of the store was eight feet wide and six and one-half inches higher than the level of the parking area; the sidewalk was of concrete, clean, level and without defect or obstructions; the parking area sloped gradually away from the sidewalk; Munford had occupied this store together with the sidewalk and parking area since the early part of 1968. On one other occasion, to wit, April 30, 1971, an automobile had been driven onto and over the sidewalk into the front of the store.

The defendant Munford, Inc. filed its motion for

summary judgment relying upon the pleadings and its sworn answers to the interrogatories. Prior to hearing, the plaintiff filed the affidavit of P. W. Logan, a registered, professional engineer. He stated that it was his opinion that Munford maintained an unsafe premises at the store, that the parking lot abuts the sidewalk fronting the store in a manner which permits automobiles to encroach upon a pedestrian area which is a violation of known safety standards. He further stated that in his opinion automobile stopping devices should have been embedded in the paved area of the parking lot so as to prevent automobiles from encroaching upon the pedestrians' sidewalk.

The trial judge denied appellant's motion for summary judgment and certified that the judgment was of such importance to the case that immediate review should be had. *Held:*

The appellant contends that it was not negligent as a matter of law citing *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580 (174 SE2d 474), and *Eckerd-Walton, Inc. v. Adams,* 126 Ga. App. 210 (190 SE2d 490).

In neither *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580, supra, or *Eckerd-Walton, Inc. v. Adams,* 126 Ga. App. 210, supra, did the defendants maintain the sidewalk or parking area. Here they *did* maintain the parking lot and wall. See *Chatmon v. Church's Fried Chicken,* 133 Ga. App. 326 (211 SE2d 2).

In this instance there were no car stops. Moreover, there is nothing sacrosanct about a six and one-half inch high walkway. The jury should determine whether it is sufficient, and whether the defendants were negligent in the maintenance of their parking lot and sidewalk.

The motion for summary judgment was properly denied.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED
NOVEMBER 13, 1975.

*Martin, Snow, Grant & Napier, Cubbedge Snow,*

*Wendell Bowden,* for appellants.

*White & Jewett, Robert John White, George N. Skene,* for appellee.