## 57513. CHURCH'S FRIED CHICKEN, INC. v. LEWIS.

QUILLIAN, Presiding Judge.

This is an appeal by the defendant, Church's Fried Chicken, Inc. (Church's), from an adverse jury verdict. Sammie T. Lewis, plaintiff, brought this action against Church's alleging that he entered Church's at approximately 1:30 a.m. on the morning of February 6, 1977 to make a purchase. There was a long line and he and his girlfriend were on the end. They were asked several times by a waitress to go outside to the ordering window where they would be served. They declined at first because "it was cold outside," but when the waitress persisted they went to the outside ordering window which was on the frontside of Church's. They were standing on a concrete area 66 inches in depth from the adjacent parking area, and it was raised 4 inches in height above the asphalt parking area. As they were waiting for delivery of their order, a car started its engine and suddenly "zoomed and lurched forward" into them. It pinned the plaintiff to the wall of Church's breaking both of his legs and "knocked in" the front of the building.

Plaintiff alleged that defendant failed to exercise ordinary care in keeping its premises and approaches safe for its customers and in failing to provide a buffer zone between the parked cars and customers waiting to be served at the outside serving window. There was no "stop block" for automobiles before they encountered the curb. The defendant appeals from the jury verdict for the plaintiff. *Held:*

1. Defendant has combined his first and second enumerations of error alleging the trial court erred in overruling his motion for judgment notwithstanding verdict and motion for a new trial. We also will treat both issues in this Division. The principal issues were (1) whether Church's was negligent, and (2) if negligent, was

such negligence "a" proximate cause of the incident.

Church's had installed 6 inch high "precast concrete" "stop blocks" on the side of their restaurant but did not install stop blocks on the front side of the restaurant where patrons were required to stand when using the outside ordering window. The plaintiff had been directed to use the outside ordering window by an employee of the defendant. Mr. Kelly, an architect, engineer, and builder, testified that there was a standard "for curbing along walkways in front of buildings where cars park . . .the standard is not less than six inches in height . . ." The curbing height here was 4 inches. He was not aware of any standard requiring use of "stop blocks" in such a situation, but as "a professional designer and architect" he "would recommend stops to prevent cars from running into the building or hurting people."

(A) "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code Ann. § 105-401 (Code § 105-401). The proprietor is bound to use reasonable care to protect invitees from injury "not only from defects in the premises but also from other dangers arising from the use of the premises by himself or his licensees."*Johnson v. John Deere Plow Co.,* 214 Ga. 645, 648 (106 SE2d 901). He is not an insurer of the safety of persons thereon against all acts of co-invitees and when he has used ordinary care to keep the premises safe he is not guilty of negligence. *Watson v. McCrory Stores, Inc.,* 97 Ga. App. 516, 519 (103 SE2d 648).

"The exercise of ordinary care to keep the premises safe for invitees includes a duty to anticipate the negligence of others which is usual and likely to happen, but not acts of negligence which are remote and unlikely to occur." *Eckerd-Walton, Inc. v. Adams,* 126 Ga. App. 210 (2) (190 SE2d 490). "The general rule in such cases is not whether injuries result or the consequences were possible, but whether they were probable, that is, likely to occur according to the usual experience of persons." *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580 (4) (174 SE2d

474).

"In determining the question of whether a business proprietor exercised ordinary care to protect a business invitee from dangerous conduct of others on the premises, the standard is whether a reasonably prudent person at the time and in the circumstances would have foreseen danger and what he reasonably would have done to prevent injury; negligence is defective foresight judged by this standard rather than by hindsight of what actually happened and the effectiveness of the action taken [to prevent the incident]." *Shockley v. Zayre of Atlanta,* 118 Ga. App. 672 (165 SE2d 179).

In *Chatmon v. Church's Fried Chicken,* 133 Ga. App. 326, 327 (211 SE2d 2), the plaintiff was injured by an automobile which jumped the curb and struck him while he was waiting at an outside ordering window. The concrete waiting area was "3 to 4 inches" in height above the parking area and there were no "guard stops." We held that a 3 inch curb "is undoubtedly less than half as safe from the danger of overshooting as a six inch curb," and where such alleged defects are of a character that the minds of reasonable men might differ as to whether the injury should have been anticipated and protection barriers installed, was a question for the jury.

In *Munford, Inc. v. Grier,* 136 Ga. App. 537 (221 SE2d 700), the plaintiff was struck by an automobile which jumped the curb from the parking area and crushed him against the building. The sidewalk area in front of the store was 8 feet in depth and the concrete area was raised six and one-half inches above the parking area. There were no "car stops." We held the court did not err in denying a motion for summary judgment as the issue was for the jury.

" ' "It is well-settled law that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury, and a court should not decide them . . . except in plain and indisputable cases." [Cits.]' " *James v. Sears, Roebuck & Co.,* 140 Ga. App. 859 (232 SE2d 274); *Johnson v. John Deere Plow Co.,* 214 Ga. 645, 648, supra.

Under *Chatmon* and *Munford,* supra, we find that

the issues of negligence in the instant case, i.e. whether the defendant reasonably should have anticipated the event which occurred, and taken reasonable steps to prevent its occurrence—was not "plain and indisputable" and should have been submitted to the jury.

(B) With reference to the issue of proximate cause, there can be no recovery by a plaintiff for the negligence of a defendant "which was not the proximate cause of the injury. If the cause was remote and furnished only the condition or occasion of the injury, it was not the proximate cause thereof." *Whitaker v. Jones &c. Co.,* 69 Ga. App. 711 (1) (26 SE2d 545); see also Code Ann. §§ 105-2008, 105-2009 (Code §§ 105-2008, 105-2009). There may be more than one proximate cause of an injury. *Atlanta Gas Light Co. v. Mills,* 78 Ga. App. 690, 695 (51 SE2d 705). The mere fact that plaintiff's injuries would not have been sustained had only the defendant's act of negligence occurred will not of itself operate to constitute another's act of negligence as the sole proximate cause. Id. *Central Truckaway System v. Harrigan,* 79 Ga. App. 117 (3) (53 SE2d 186); *Stern v. Wyatt,* 140 Ga. App. 704, 705, supra. If the negligence of two persons combine to produce the injury complained of, either may be sued for the entire amount of damages to the plaintiff and there is no accounting of comparative negligence between the two negligent parties causing the injury and either of them can be held for the entire damage even though one was more negligent that the other. *Fields v. Jackson,* 102 Ga. App. 117, 131 (7) (115 SE2d 877).

To relieve the defendant from liability where both the defendant and a third party were negligent, it must appear that the negligence of the third party intervened and superseded the defendant's negligence. *Perry v. Lyons,* 124 Ga. App. 211, 215-217 (183 SE2d 467); Restatement of the Law, Torts 2d 465, § 440.

" 'While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or

natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act.' " *Blakely v. Johnson,* 220 Ga. 572, 574 (140 SE2d 857). Thus, in the instant case, even if the defendant was negligent in placing the ordering window on the front of the restaurant, only 66 inches away from the parking area, and had only a 4 inch high concrete curb where the standard was 6 inches, and placed stop-blocks on the side of the building — apparently to protect the building, but failed to place stop-blocks in the front of the restaurant — where they directed patrons to place orders, there could be no recovery by plaintiff if the intervening act of negligence of the driver of the automobile was a superseding and proximate cause of the injury to the plaintiff — *unless* the negligence of the driver "could reasonably have been anticipated, apprehended, or foreseen" by the restaurant. *Southern R. Co. v. Webb,* 116 Ga. 152 (1) (42 SE 395); accord, *Peggy Ann of Ga. v. Scoggins,* 86 Ga. App. 109, 115 (71 SE2d 89); *Perry v. Lyons,* 124 Ga. App. 211, 216, supra; *Stern v. Wyatt,* 140 Ga. App. 704, 705, supra.

As noted earlier " ' "[i]t is well-settled law [in Georgia] that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury, and a court should not decide them . . . except in plain and indisputable cases." [Cits.]' " *James v. Sears, Roebuck & Co.,* 140 Ga. App. 859, supra; *Johnson v. John Deere Plow Co.,* 214 Ga. 645, 648, supra. Thus, as in *Chatmon v. Church's Fried Chicken,* 133 Ga. App. 326, 327, supra, in a similar factual situation, we again hold that this issue of proximate cause is for the jury.

(C) The defendant's motion for judgment notwithstanding the verdict was based upon the same grounds as its motion for directed verdict — "the evidence would not support a verdict for the plaintiff and that the evidence demanded a verdict in favor of the defendant." This is tantamount to alleging the general grounds as

error. See *Coaxum v. State,* 146 Ga. App. 370 (246 SE2d 403). As our Code Ann. § 81A-150 (CPA § 50; Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248) is patterned after the federal CPA we may turn to it for guidance. Moore states that the standards for granting a motion for judgment n.o.v. are the same as those governing the direction of a verdict. 5A Moore's Federal Practice 50-76, ¶ 50.07 [2]. "Thus, the motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a 'one-way' verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. And this approach governs the actions of appellate courts as well as trial courts." Id.

The issues were properly submitted to the jury and were resolved against the defendant. The jury is the final arbiter of the facts, and the verdict must be construed by the trial and appellate courts in the light most favorable to upholding the jury verdict. Id.; *Smith v. Hornbuckle,* 140 Ga. App. 871, 875 (232 SE2d 149). As there was some evidence supporting the verdict and the contrary evidence did not demand a verdict for the defendant, the trial court did not err in denying judgment n.o.v. and motion for new trial. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35). The first two enumerations are without merit.

2. We will consider the third, fifth and sixth enumerated errors in this division. The defendant offered in evidence 16 photographs depicting the height of concrete slabs and walkways in front of other business establishments, including — inter alia, a building without a raised concrete slab before a door, a 6 inch high walkway outside the University Hospital, several 2 to 4 inch high slabs, a 3 inch high walkway outside a Baskin-Robbins Ice Cream store, the curbing beside the street in front of a Dairy Queen, a 2 inch high concrete slab in front of a Majik Market, a 4 inch high concrete walkway in front of a Krystal Hamburger place, and a 2 inch high concrete walkway outside a "Sizzlin Steakhouse." All pictures included a 6 inch ruler propped

up by the curbing to indicate the height of the curb. The court refused to admit the ruler and the photographs. The court also refused a requested charge which stated, in essence, "before a recovery would be authorized for the plaintiff . . . it must be shown that the premises were less safe than those provided by ordinarily prudent owners and occupiers of land for their invitees . . ."

The court did permit plaintiff's expert, Mr. Kelly, to examine the photographs tendered — with the ruler indicated by the testimony, and thus placed in evidence through the testimony of plaintiff's witness, the information portrayed by the photographs and the ruler. To place this evidence in perspective, we should recount the description of Church's building. The restaurant had an outside ordering window on the front where patrons were required to stand, and the 4 inch high raised walkway was on the defendant's property and apparently was so constructed and maintained by them. None of the photographs tendered represented a place where patrons were required to wait in front where the walkway was built and maintained by the business. This distinction was clearly pointed out in *Chatmon v. Church's Fried Chicken,* 133 Ga. App. 326, 327, supra, and the juries in both *Church's* cases found such combined circumstances amounted to negligence. Thus, the photographs offered in evidence did not depict similar circumstances to those of the building where this incident occurred.

Evidence to be admissible must be relevant. Code Ann. § 38-201 (Code § 38-201). Questions of relevancy are addressed to the sound discretion of the trial judge. *Alexander v. State,* 239 Ga. 108, 110 (236 SE2d 83). As the photographs did not depict buildings with similar features, we can not rule as a matter of law that the trial court abused its discretion. Further, as the defendant introduced testimony of what the photographs showed, they were cumulative — to a degree. Under the circumstances of this case, we find no prejudicial error. Cf. *Gardner v. Ga. & F. R. Co.,* 120 Ga. App. 494 (1) (171 SE2d 540). For the same reason, we find no prejudice in the exclusion of the ruler shown in the photographs.

The instruction requested tied all of this evidence together by instructing the jury that before the plaintiff

could recover "it must be shown that the premises were less safe than those provided by ordinarily prudent owners." The jury was correctly instructed on negligence, the standard of "care and diligence which every prudent man takes of his own property of a similar nature or that care and diligence which every prudent man would exercise in similar circumstances and like surroundings," and a failure "to exercise that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances to prevent injury to another . . ."

It is not error to fail to charge in the exact language requested where the principles of law embodied in the request were included in the charge given. *McCurry v. McCurry,* 223 Ga. 334, 335 (155 SE2d 378). These enumerations are without merit.

3. We find no evidentiary basis for a requested charge on comparative negligence. Even though plaintiff had been to defendant's establishment on at least one prior occasion, and was aware of the conditions he now alleges to be negligence on the part of the defendant, we are unaware of any negligence on his part. He attempted to avoid going outside the restaurant, but was instructed more than once by defendant's employee to go to the spot where he was ultimately injured. This enumeration is meritless.

4. The last alleged error is the refusal of the court to admit in evidence the complaint of this plaintiff against the driver of the automobile which injured him, in which he alleged that the driver's negligence was "the proximate cause" of the injuries he received. Defendant cites *Kelly v. Chrysler Corp.,* 129 Ga. App. 447 (199 SE2d 856), where the court admitted in evidence the plaintiff's prior complaint against another defendant in which he alleged that the first defendant's action during a bailment for repairs damaged his vehicle's engine. That suit was terminated by an agreed settlement and a general release. In the subsequent suit against Chrysler, plaintiff's "complaint contained generally allegations identical with those" of the first complaint as to the cause of damage to his engine. We held that "[a]*dmissions* contained in pleadings by a party in a suit filed by him in another case are admissible in evidence against him when

pertinent to an issue involved in another case." (Emphasis supplied.) Id.

We find *Kelly* to be inapposite on the facts and law. In *Kelly* the plaintiff sued two different defendants for the same damage alleging that each defendant's negligence caused the damage. We cited in *Kelly* that the claims there "did not deal with a tort involving joint tortfeasors," as in the present case, but was for "breach of a bailment contract and . . . for breach of warranty." Id at 450. For that reason we held it was an "admission" when plaintiff first pleaded that the bailee's negligence caused the damage and then pled in the latter suit that the damage was caused by a defective engine from Chrysler. In the instant case, the defendant called the driver of the automobile as a witness and all members of the jury were fully aware of the acts of the driver and Church's. No attempt was made to mislead the jury into believing that the "sole" cause of plaintiff's injuries were the result of the defendant's negligence. The court charged the jury "[w]here the sole proximate cause of the injury to the Plaintiff is the negligence of someone other than the Defendant, there can be no recovery against the Defendant, although the Defendant may have been guilty of some negligence."

As stated above, if the negligence of two persons combine to produce the injury complained of, either may be sued for the entire amount of damages to the plaintiff and there is no accounting of comparative negligence between the two negligent persons causing the injury and either of them can be held for the entire damage even though one was more negligent than the other. *Fields v. Johnson,* 102 Ga. App. 117, 131 (7), supra. "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." Code Ann. § 3-114 (Code § 3-114). Thus, it is not an admission to allege in different actions against joint tortfeasors that each defendant's negligence was the proximate cause of the incident — as there may be more than one proximate cause, and the jury was correctly instructed that if the "sole" proximate cause of the incident was the driver, there could be no recovery against

this defendant. Secondly, even if this evidence has some relevancy, that is, it tends to prove or disprove a material fact in issue, it is so remote as to require its admissibility be left to the discretion of the court. *MacNerland v. Johnson,* 137 Ga. App. 541, 542 (224 SE2d 431); *Brooks v. Steele,* 139 Ga. App. 496, 497 (229 SE2d 3); see also 29 AmJur2d 304, Evidence, § 253. We find no abuse of discretion, or harmful error, in the exclusion of this evidence.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED APRIL 4, 1979 — DECIDED MAY 3, 1979 — REHEARING DENIED JUNE 5, 1979 —

*Fulcher, Hagler, Harper & Reed, Gould B. Hagler,* for appellant.

*Brown & Paschall, Carl C. Brown, Jr.,* for appellee.