## 62556. BRYANT v. COLVIN.

QUILLIAN, Chief Judge.

Plaintiff appeals from a judgment notwithstanding the verdict in an action for damages resulting from the negligent operation of a bulldozer.

Defendant presented no evidence and the plaintiff's evidence was as follows: Defendant/appellee C. H. Colvin contracted with plaintiff/appellant W. R. Bryant to dig a basement at a proposed building site. The plaintiff also dug a road and a ditch on the defendant's property. On October 25, 1979, after completing the

work at the defendant's building site, the plaintiff left his bulldozer, in good condition, on defendant's property. Plaintiff also testified that this particular type bulldozer required continuous maintenance (i.e. checking of oil and grease levels) during periods of use to remain in good working condition and to avoid major damage. The plaintiff did not return for his bulldozer until December 8, 1979, because rainy weather made any other excavation work impractical. When plaintiff returned for his bulldozer he found that a substantial amount of gasoline in the bulldozer had been used and he also found major damage to the bulldozer that was the type which resulted from lack of proper maintenance of the bulldozer during a period of use. The plaintiff also testified that there was a substantial amount of excavation work done on the defendant's property that was not done when he had left the bulldozer there on October 25, 1979. There was testimony that there were tracks in the dirt the same size as the bulldozer's that lead to property of a neighbor of the defendant's where some more excavation work had been done. The plaintiff then introduced evidence of the amount of damages which totaled $7600.

The plaintiff's son testified that he had substantial experience with excavation equipment, and with the particular bulldozer in question. He further testified that on December 2, 1979, he heard and saw the bulldozer in question being used on the defendant's property, that the bulldozer was being "pushed" pretty hard, but that he could not see who was operating the bulldozer from the distance he viewed it.

The defendant, by pre-trial stipulation, admitted that he used the bulldozer in question, but did not say for how long or at what time he used it.

At the close of the plaintiff's evidence, the defendant moved for a directed verdict on the grounds that the plaintiff had failed to prove negligence by the defendant. The trial judge withheld ruling on the motion for directed verdict, but indicated that he was inclined to grant a judgment notwithstanding the verdict if the jury returned a verdict for the plaintiff. At that time the defendant declined to put on any evidence and the case went to the jury. The jury found in favor of the plaintiff and awarded him $2500 in damages. On March 31, 1981, the trial judge granted the defendant's motion for judgment notwithstanding the verdict. *Held:*

The plaintiff contends that under the doctrine of res ipsa loquitur the jury was authorized to find that the defendant was guilty of negligence. The defendant contends the plaintiff cannot rely upon res ipsa loquitur because he cannot prove the defendant had exclusive control over the bulldozer during the period that it was left on defendant's property. It should be noted that the requirement of

exclusive control of the instrumentality by the defendant has been condemned by this court. *Smith v. Telecable of Columbus,* 142 Ga. App. 535, 536 (236 SE2d 523); see also Code Ann. § 38-123 (Code § 38-123); *Western & Atlantic R. v. Fowler,* 77 Ga. App. 206 (1) (47 SE2d 874); *Eckerd-Walton, Inc. v. Adams,* 126 Ga. App. 210, 214 (190 SE2d 490); *Parker v. Dailey,* 226 Ga. 643, 645 (177 SE2d 44). However, pretermitting the issue of whether the doctrine of res ipsa loquitur, in its strict sense, is applicable, the primary question for determination is whether the evidence introduced, with all reasonable deductions therefrom demanded a verdict for the defendant as the standards for granting a motion for judgment n.o.v. are the same as those governing direction of a verdict. 5A Moore's Federal Practice 50-76, Chap. 50.07 [2]; see also Hallmark Industry v. Reynolds Metals Co., 489 F2d 8 (9th Cir. 1974), cert. den. 417 U. S. 932; Fireman's Fund Ins. Co. v. Videfreeze Corp., 540 F2d 1171 (3d Cir. 1976).

" '[T]he motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a "one-way" verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. And this approach governs the actions of appellate courts as well as trial courts.' " *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 159 (256 SE2d 916); 5A Moore's Federal Practice 50-76, Chap. 50.07 [2]. These issues, negligence, diligence, contributory negligence, cause and proximate cause, and whose negligence or what negligence constitutes the proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in "plain, palpable and indisputable cases." *Burger Barn, Inc. v. Young,* 131 Ga. App. 828 (3) (207 SE2d 234); *Davis v. Childers,* 134 Ga. App. 534 (2) (215 SE2d 297); *Batchelor v. ABC Booking, Inc.,* 135 Ga. App. 440 (3) (218 SE2d 124). "Even though the facts in the case are uncontradicted and uncontroverted, where they are such that there is room for difference of opinion between reasonable men as to whether or not negligence should be inferred, the right to draw the inference is peculiarly within the exclusive province of the jury." *Jordan v. Lee,* 51 Ga. App. 99 (2) (179 SE 739); *Macon Telegraph Pub. Co. v. Graden,* 79 Ga. App. 230, 234 (53 SE2d 371); *Yeager v. Jacobs,* 111 Ga. App. 358 (1) (141 SE2d 837); *Trotter v. Peet,* 135 Ga. App. 580, 582 (218 SE2d 295). "The issues were properly submitted to the jury and were resolved against the defendant. The jury is the final arbiter of the facts, and the verdict must be construed by the trial and

appellate courts in the light most favorable to upholding the jury verdict. *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 159, supra; Accord: *Smith v. Hornbuckle,* 140 Ga. App. 871, 875-876 (232 SE2d 149). The plaintiff's evidence tending to establish negligence and proximate cause was uncontested by the defendant. The jury would have been authorized to infer negligence from evidence that the bulldozer was "in good condition, wasn't anything wrong with it" at the time the bulldozer was left on defendant's property; approximately 40 gallons of fuel had been burned during the time the bulldozer was left on defendant's property; additional excavation work had been done on the defendant's land and a neighbor's land — where bulldozer tracks lead from defendant's bulldozer to the area where the work had been done; plaintiff's son saw someone using his father's bulldozer on defendant's property during this period of time and was of the opinion "he was pushing a pretty good load" from "the stress of the tractor, it would nearly go dead;" there was evidence which would authorize a finding that the defendant operated the bulldozer during this period; and the damage done to the bulldozer was of the type attributable to lack of maintenance during operation of the equipment. "Such circumstances, unexplained, could be sufficient to justify the inference of negligence . . ." *Eckerd-Walton, Inc. v. Adams,* 126 Ga. App. 210, 214, supra. As the evidence for the defendant was not "plain, palpable, and indisputable," there was some evidence supporting the verdict of the jury, and all of the evidence did not demand a verdict for the defendant, the trial court erred in granting judgment n.o.v. for defendant and setting aside the jury verdict. *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 159, supra; *Barylak v. Jordan,* 156 Ga. App. 508, 509 (2) (274 SE2d 846).

Thus, the evidence being sufficient to support the verdict, we therefore reverse and remand this case to the trial court with direction to enter judgment for the plaintiff in accordance with the jury verdict.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 9, 1981 —
REHEARING DENIED NOVEMBER 20, 1981 —

*Jack C. Bell,* for appellant.
*William S. Hardman,* for appellee.