20107

Benjamin D. GALLMAN, as Executor of the Estate of Lizzie Mae Gallman, Appellant, v. Judy Gayle SEWELL et al., Defendants, of whom John Bagwell, Inc., is, Respondent.

(219 S. E. (2d) 905)

*Messrs. Moore, Swofford & Turnipseed,* of Spartanburg, *for Appellant,* cite:

*Messrs. Ward, Howell, Barnes & Long,* of Spartanburg, *for Respondent,* cite:

November 17, 1975.

Ness, Justice:

Lizzie Mae Gallman died from injuries sustained in a two car collision at the intersection of Wardlaw Avenue and Fox Drive in Spartanburg County which she entered from Wardlaw Avenue. There was no stop sign to warn of the intersection. Her husband, as executor, sued John Bagwell, Inc., the developer of a subdivision which included Wardlaw Avenue. Appellant argues Wardlaw Avenue was a private road and Bagwell, as developer, owed a duty to place or cause to be placed a stop sign at the intersection, or warn of its absence.

The lower court granted summary judgment to Bagwell. We affirm.

Assuming Wardlaw Avenue is a private road, which is disputed, Bagwell had no duty to erect or cause to be erected a stop sign at the Fox Drive intersection. Fox Drive is a publicly maintained and traveled road. Thus, it is a street or

highway as defined by S. C. Code Section 46-251, "every way publicly maintained when any part thereof is opened to the use of the public for purposes of vehicular travel is a 'street' or 'highway'."

Any stop sign at the intersection of Wardlaw and Fox Drive must be erected by the public authorities. S. C. Code Section 46-311 provides: "No person shall place, maintain or display upon or *in view of* any highway any unauthorized sign . . . which . . . (b) attempts to direct the movement of traffic . . ." (Emphasis added). In fact, Section 311 declares the private erection of traffic signs in violation of it to be a public nuisance.

Other Code sections clearly vest exclusive authority for the erection of traffic signs with the public authorities. S. C. Code Sections 46-301, 46-302, 46-303.

Accordingly, we hold the lower court correctly ruled Bagwell owed no duty to erect or cause to be erected a stop sign or warn of the absence of a sign.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.