0316

Kimberly L. MAHLE, a Minor Under the age of Fourteen (14) years, by her Guardian Ad Litem, Janice H. Muse, Appellant, v. Robert M. WILSON, Fun Wheels, Inc., and South Carolina Department of Highways & Public Transportation, of whom Fun Wheels, Inc. is, Respondent.

(323 S. E. (2d) 65)

Court of Appeals

*Richard G. Lawrence,* North Charleston, *for appellant.*

*G. Dana Sinkler* and *Faye A. Flowers,* both of *Sinkler, Gibbs & Simons,* Charleston, *for respondent.*

Heard Oct. 15, 1984.

Decided Nov. 15, 1984.

GARDNER, Judge:

Fun Wheels, Inc, (Fun Wheels) is a skating rink and entertainment business; the business building fronts on a state highway. Kimberly L. Mahle (plaintiff), a minor, alleges that on the night of December 31, 1981, after leaving Fun Wheels where she had been skating, and while accompanied by her father as she crossed the highway in front of Fun Wheels, she was struck by an automobile and injured. She alleges that her injuries were proximately caused by the negligence of Fun Wheels combined and concurring with the negligence of the State Highway Department and Robert Wilson, the driver of the automobile.

The plaintiff alleges Fun Wheels was negligent in: (1) failing to provide adequate lighting on or near its premises, (2) failing to provide an adequate and lighted parking area, (3) allowing cars to park on the shoulder of the road opposite its place of business, (4) failing to request posted speed limit signs and (5) failing to request or provide a pedestrian crosswalk or post any type of warning, sign, signal, or other type of traffic control device on or near its premises. The trial judge sustained Fun Wheel's demurrer to the complaint by holding that it did not state a cause of action. We agree and affirm.

This appeal broaches the subject of what duty, if any, an adjoining property owner owes to one injured on a public highway adjacent to his property.

We first consider the allegation that Fun Wheels was negligent in failing to provide adequate lighting on or near the premises. Plaintiff cited no authority whatsoever in support of his position that the demurrer should have been overruled. In our research, we find stated in 65 C.J.S., *Negligence*, Section 86, the following:

> Section 86. Lighting.
> The failure so to light the premises as to afford protection from injury by reason of dangerous conditions which could not reasonably be discovered in the absence of such light may constitute negligence; *but the rule does not*

*ordinarily apply to outdoor areas in the absence of special circumstances.* (Emphasis ours.)

The trial court did not err in holding Fun Wheels had no duty to light the abutting state highway, and we so hold.

We additionally hold that there is no duty, in the absence of zoning regulations, to proivde an adequate and lighted parking area. Of course, if the complaint had alleged that Fun Wheels had a parking lot and the accident had not happened on its parking lot, our decision would possibly involve other law. Here the complaint in effect alleged a duty on the part of Fun Wheels to provide a parking lot; we hold no such duty existed.

The case of *Gallman v. Sewell*, 265 S. C. 434, 219 S. E. (2d) 905 (1975), is analogous to the situation presented by the case at bar. In *Gallman*, plaintiff's testate was killed at the intersection of a public highway with another road within a subdivision, at which there was no stop sign or other warning device. *Gallman* held that an abutting land owner owes no duty to those using the highway to erect or cause to be erected a stop sign or to warn of the absence of such a sign.

In the case of *Feldman v. Whipkey's Drug Store*, 121 Ga. App. 580, 174 S. E. (2d) 474 (1970), cert. denied, 400 U. S. 946, 91 S. Ct. 251, 27 L. Ed. (2d) 251, the Georgia Court of Appeals held that, ordinarily, persons who maintain places of business adjacent to sidewalks are not under any duty to protect persons on the sidewalk from vehicles in the street or co-invitees.

We conclude that Fun Wheels owed no duty to the plaintiff with respect to the parking of cars on the shoulder of the road opposite its place of business or to request the Highway Department to post speed limit signs or furnish a pedestrian crosswalk in front of its place of business, and we so hold.

We, therefore, hold that the learned and esteemed trial judge correctly sustained the demurrer and that the appealed order is affirmed.

Affirmed.

SANDERS, C. J., and BELL, J., concur.