THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Tina M. Lomax, as Personal Representative 
 of the Estate of Terrance A. Lomax, a minor under the age of fourteen 
 years, deceased,        Appellant,
 
 
 

v.

 
 
 
Daniel J. Langston, Sylvia Langston, John 
 A. Miller, Louise B. Miller, South Carolina Regional Housing Authority 
 No.1,        Defendants,
Of whom South Carolina Regional Housing Authority 
 No. 1 is        Respondent.
 
 
 

Appeal From Pickens County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-259
Submitted April 7, 2003 - Filed April 
 9, 2003

AFFIRMED

 
 
 
Joseph Gary Armstrong, of Greenville, for Appellant.
G. Edward Welmaker, of Pickens, for Respondent.
 
 
 

PER CURIAM:  Affirmed pursuant to Rule 220(b)(2), 
 SCACR, and the following authorities: As to issue I: Rule 207(D), SCACR (stating 
 the argument portion of a brief must include citations to authority); see 
 Parks v. Morris Homes Corp., 245 S.C. 461, 471, 141 S.E.2d 129, 134 (1965) 
 (holding where no . . . authority [is] cited to sustain the exception, it is 
 properly considered abandoned [on appeal]); see also Miller v. City 
 of Camden, 329 S.C. 310, 314, 494 S.E.2d 813, 815 (1997) (One who controls 
 the use of property has a duty of care not to harm others by its use.  Conversely, 
 one who has no control owes no duty. (internal citations omitted)); Mahle 
 v. Wilson, 283 S.C. 486, 488, 323 S.E.2d 65, 66 (1984) (holding a landowner 
 has no duty to protect a person from harm once that person has left the landowners 
 property).
As to issue II: Hubbard v. Taylor, 339 S.C. 
 582, 588, 529 S.E.2d 549, 552 (Ct. App. 2000) (holding [t]he elements for a 
 cause of action for the tort of negligence are: (1) a duty owed to the plaintiff 
 by the defendant, (2) a breach of that duty by the defendant, and (3) damages 
 proximately resulting from the breach of duty); Bishop v. South Carolina 
 Dept of Mental Health, 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998) (indicating 
 where the element of a legal duty of care is absent, no actionable negligence 
 exists, and thus, the proximate cause of the plaintiffs injury is immaterial).
AFFIRMED.[1]
STILWELL, HOWARD, JJ., and STROM, Acting Judge, 
 concur.

 
 [1] Because oral argument would not aid the Court in resolving 
 any issue on appeal, we decide this case without oral argument pursuant to 
 Rule 215, SCACR.