A95A0233. HENDERSON v. KROGER COMPANY.
(456 SE2d 752)

POPE, Presiding Judge.

Plaintiff Henderson brought suit against the Kroger Company for injuries sustained when she was pushed by an unidentified shoplifter exiting defendant's grocery store. The trial court granted summary judgment to Kroger, and this appeal followed.

Construed in the light most favorable to plaintiff, the evidence shows that plaintiff had completed her shopping and was beginning to leave the store at the same time a shoplifter was in the meat department attempting to steal a package of meat. A Kroger employee observed the theft and called the words "Code Red" over the public intercom. This was a signal to Kroger employees that someone in the store was shoplifting. Apparently the shoplifter knew this security code and began to run toward an exit. In response to the signal, the manager came out of a back room of the store, turned a corner and noticed the shoplifter running toward the exit. The manager and other store employees chased the shoplifter. Plaintiff and the shoplifter reached the exit door simultaneously, and the shoplifter knocked plaintiff into the door-frame, injuring plaintiff's shoulder.

A property owner "can only be held negligent [for the negligence

of another] if the facts are such that it should have foreseen and guarded [plaintiff] against the negligence of another." *Eckerd-Walton, Inc. v. Adams*, 126 Ga. App. 210, 213 (190 SE2d 490) (1972). Although plaintiff asserts her injuries were foreseeable due to 47 prior shopliftings at the store, plaintiff failed to demonstrate that any of the prior shoplifting incidents involved customers injured by fleeing shoplifters or store employees attempting to apprehend them. Accordingly, it was not foreseeable that the shoplifter would accidentally run into plaintiff, and Kroger was not negligent in failing to prevent plaintiff's injuries. See *Matt v. Days Inns of America*, 212 Ga. App. 792 (443 SE2d 290) (1994), aff'd 265 Ga. 235 (___ SE2d ___) (1995).

Moreover, even if Kroger were negligent in failing to prevent the shoplifter from running out of the store, its negligence would not have been the proximate cause of plaintiff's injuries because of the unforeseeable intervening act of the shoplifter. See *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130) (1983).

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED APRIL 4, 1995.

*Harris Lewis, Laura A. Marcantonio*, for appellant.
*Brannen, Searcy & Smith, Robert L. Jenkins*, for appellee.