A97A0500. MILLS et al. v. JACK ECKERD CORPORATION.
(482 SE2d 449)

Judge Harold R. Banke.

Gudrun H. Mills and her husband, Ben B. Mills, Jr., sued Jack Eckerd Corporation ("Eckerd"), the owner of a store where Gudrun Mills was allegedly injured when a suspected shoplifter collided with

her as he was attempting to flee Eckerd's store. The Mills appeal the summary judgment granted to Eckerd.[1]

Construed in the light most favorable to the Mills, the non-movants, the evidence shows that while Gudrun Mills was shopping, Eckerd security personnel were attempting to interview Jeremiah Revitch about possible shoplifting activity. Revitch had voluntarily accompanied loss prevention personnel to an upstairs office at Eckerd's Lenox Square Mall ("Lenox") store. After either mall security or the Atlanta Police was contacted, suddenly and without warning, Revitch decided to flee. In order to escape, Revitch had to jump on a chair then leap over a four-foot wall directly onto the stairs. After Revitch bolted from the office and was running toward an exit, he allegedly slammed into Mills, knocking her down. Richard Cotton, Jr., the Lenox store manager, testified that in his approximately 24 years of service at various Eckerd store locations he had never before experienced a situation where a shoplifter attempted to escape after being apprehended. Cotton testified that in the infrequent situation where a suspected shoplifter is uncooperative, Eckerd's policy is to not intervene but to contact mall security or police. *Held*:

In two enumerations of error, the Mills contend that the trial court erroneously granted summary judgment because Gudrun Mills was the foreseeable victim of a desperate shoplifter. A property owner cannot be held liable for the negligence of another unless the facts show, inter alia, that the property owner should have foreseen and guarded the plaintiff against that negligence. *Eckerd-Walton, Inc. v. Adams*, 126 Ga. App. 210, 212-213 (2) (190 SE2d 490) (1972). The exercise of ordinary care does not impose a duty to anticipate unlikely, remote, or slightly possible events. Id. Compare *Matt v. Days Inns of America*, 212 Ga. App. 792, 794 (443 SE2d 290) (1994) (defendant's knowledge of prior substantially similar incidents fore-closes summary judgment). Although the Mills assert that it was foreseeable that an eluding shoplifter might collide with an innocent patron, they failed to offer any evidence that Eckerd's Lenox store had any prior incidents involving customers being injured by fleeing suspected shoplifters who initially voluntarily cooperated with security personnel. See *Henderson v. Kroger Co.*, 217 Ga. App. 252, 253 (456 SE2d 752) (1995).

Notwithstanding the Mills' claim to the contrary, whether store employee(s) attempted to apprehend Revitch is immaterial because the Mills failed to present any evidence of any prior incidents in which a patron sustained injuries inflicted by a fleeing thief. Inas-

---

[1] The Mills sued Eckerd and Jeremiah Revitch, the teenager who allegedly collided with Gudrun Mills. The case against Revitch remains pending, and Revitch is not a party to this appeal.

much as it was not reasonably foreseeable that Revitch would unintentionally rush into Gudrun Mills, Eckerd was not negligent in failing to prevent the collision. Id. at 253. Finally, even assuming that the Mills could show Eckerd was negligent in failing to prevent Revitch's flight from its store, the proximate cause of Gudrun Mills' injuries would have been Revitch's intervening act. See *Cameron v. Moore*, 199 Ga. App. 800, 801 (2) (406 SE2d 133) (1991); *Whitt v. Walker County*, 176 Ga. App. 643, 645-646 (337 SE2d 425) (1985).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED FEBRUARY 21, 1997 — 

*Ben B. Mills, Jr.*, pro se.
*Mills & Chasteen, Paul D. Hermann*, for appellants.
*Harman, Owen, Saunders & Sweeney, David C. Will, Lawson, Davis & Pickren, Paul R. Jordan*, for appellee.