## A02A0907. McDANIEL et al. v. LAWLESS et al.
### (570 SE2d 631)

RUFFIN, Judge.

On January 17, 1999, Rodney Cravey shot and killed Mary Crapse in Peggy Lawless's home. Aimee McDaniel, the executrix of Crapse's estate, sued Lawless, alleging that Lawless knew of Cravey's dangerous propensities, yet failed to inform Crapse of the danger and placed Crapse in a precarious position.[1] Lawless moved for summary judgment, arguing that she could not be held liable because Cravey's criminal acts were unforeseeable. The trial court granted Lawless's motion, and this appeal ensued. For reasons that follow, we affirm.

To prevail on her motion for summary judgment, Lawless, as the moving party, must demonstrate that

> there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[2]

Viewed in this light, the record shows that Lawless and Crapse were best friends and next-door neighbors. In 1992, Cravey moved into the neighborhood. Lawless befriended Cravey and began to run errands for him because he was disabled. Lawless also met Cravey's daughter, who told Lawless that Cravey was "mean" when he drank and had been abusive toward his ex-wife, "knocking her teeth out" on one occasion. At some point, Lawless became less friendly with

---

[1] McDaniel also sued Cravey's estate and the unknown individual who sold Cravey the firearm. As these parties are not involved in this appeal, we do not address the claims against them on appeal.

[2] (Citation, punctuation and emphasis omitted.) *Traicoff v. Withers*, 247 Ga. App. 428 (544 SE2d 177) (2000).

Cravey. According to Lawless's deposition testimony, Cravey began drinking, which made her uncomfortable.

On January 17, 1999, while Lawless was working in her yard, Cravey drove his truck up Lawless's driveway. Evidently, Cravey had been drinking. Before Cravey could get out of his truck, Crapse intercepted him and physically prevented him from opening the door. Lawless heard Crapse say, "Mr. Cravey, what are you doing down here like that? Now, you just need to get yourself home." Cravey then glared at Crapse before driving off.

Later that same day, Crapse went to Lawless's house, and they sat and talked. The front door was open, and the two were visible through the clear storm door. As Lawless got up to take dishes to the kitchen, she heard a thump at the front door and saw Cravey knocking with his crutch. Crapse, who also saw Cravey, went to the door.[3] Lawless continued cleaning for approximately 20-30 minutes while Crapse spoke with Cravey. Lawless testified that she heard Crapse repeatedly tell Cravey, "[w]e'll be glad to talk to you when you're sober." Crapse did not, however, open the storm door. Eventually, Lawless went and stood near the door. Cravey then suddenly opened fire on the house, shooting Crapse in the back and Lawless in the arm.[4]

Lawless and Crapse were taken to the hospital where they were interviewed by Jimmy Black, an investigator with the Jones County Sheriff's Department. Black was unable to obtain much information from Crapse due to the severity of her condition. Crapse subsequently died as a result of her injuries.

McDaniel sued Lawless, alleging that she "negligently invited Mary Crapse to her home shortly after receiving a threat of violence from Rodney Cravey, a person known to Defendant Lawless to have a propensity for violence," failed to inform Crapse of the danger, and sent Crapse to the front door when Cravey showed up. Lawless moved for summary judgment, arguing that she could not be held liable because Cravey's criminal act was not foreseeable.

As a social guest of Lawless, Crapse "was a licensee to whom [Lawless] owed the duty not to injure . . . wilfully and wantonly."[5] In addition, Lawless was required "to exercise ordinary care to protect [Crapse] from unreasonable risks of which she [had] superior knowledge, and if she [had] reason to anticipate criminal acts, she [had] the duty to exercise ordinary care to guard against injury caused by

---

[3] According to McDaniel, Crapse told her that Lawless asked Crapse to answer the door. Pretermitting whether this testimony is admissible under the necessity exception to the hearsay rule, it does not change our analysis. See *Clark v. State*, 271 Ga. 6, 9-10 (5) (515 SE2d 155) (1999).

[4] Evidently, Cravey subsequently committed suicide.

[5] *Stewart v. Harvard*, 239 Ga. App. 388, 392 (2) (520 SE2d 752) (1999).

dangerous characters."[6] This duty extended only to those criminal acts that were foreseeable.[7] Any prior event that is relied upon to establish foreseeability must be "substantially similar," but not identical, to the subsequent criminal act.[8] In determining whether a criminal act is foreseeable,

> [t]he test is whether the prior criminal activity was sufficiently and substantially similar to demonstrate [Lawless's] knowledge that [Cravey's dangerous propensities] subjected [Crapse] to unreasonable risk of criminal attack so that [Lawless] had reasonable grounds to apprehend that the present criminal act was foreseeable.[9]

The evidence showed that Lawless knew that Cravey could be "mean" when he was drinking and that he struck his wife, knocking her teeth out.[10] But the mere fact that Cravey was mean or had punched someone in the past does not put others on notice that he is prone to deadly violence with a handgun.[11] The exercise of ordinary care simply does not create "a duty to anticipate unlikely, remote, or slightly possible events."[12] Thus, absent some competent evidence that Lawless knew or had reason to believe that Cravey was capable of potentially deadly violence, summary judgment is appropriate.[13]

On appeal, McDaniel contends that such competent evidence is found in the police report which Investigator Black attached to his affidavit. In this report, Black noted that he had spoken with William Kidd, a friend of Lawless's, who had "stated that, according to [Lawless, Cravey] had shot one other person in the past, and . . . [that Cravey] owned a .357 pistol." According to McDaniel, this police report is admissible as substantive evidence under the business record exception to the hearsay rule.

This exact issue was recently addressed by our Supreme Court in *Brown v. State*.[14] The Court concluded "that the narratives con-

---

[6] (Punctuation omitted.) *Aldridge v. Tillman*, 237 Ga. App. 600, 603 (2) (516 SE2d 303) (1999).

[7] See id. at 604.

[8] Id.

[9] Id.

[10] In her affidavit, Lawless averred that she had no knowledge that "Cravey had ever threatened or harmed any other person." At her deposition, however, she contradicted this statement and testified that she knew about Cravey's violence toward his wife. On summary judgment, we construe the contradictory testimony against Lawless. See *Williams v. Park Walk Apts.*, 253 Ga. App. 429, 430 (559 SE2d 169) (2002).

[11] See *Traicoff*, supra at 430 (knowledge that person is "mean" does not render deadly attack by that person foreseeable).

[12] (Punctuation omitted.) Id.

[13] See *Aldridge*, supra.

[14] 274 Ga. 31 (549 SE2d 107) (2001).

tained in police reports generated in connection with police investigations are not the appropriate subject of an exception to the hearsay rule."[15] Accordingly, the trial court correctly ruled the report inadmissible. And, as hearsay, the statement must be eliminated from consideration of the motion for summary judgment.[16] Because the record contains no competent evidence that Lawless knew or had reason to believe that Cravey was capable of potentially deadly violence, the trial court properly granted Lawless's motion for summary judgment.[17]

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED AUGUST 28, 2002.

*Buzzell, Graham & Welsh, Neal B. Graham, David C. Bowers, Jr.*, for appellants.

*Walker, Hulbert, Gray, Byrd & Christy, Michael G. Gray, Shaffer, Raymond & Dalton, Kevin P. Bradley*, for appellees.

---

[15] Id. at 33 (1).
[16] See *Sherrill v. Stockel*, 252 Ga. App. 276, 278 (557 SE2d 8) (2001).
[17] See *Aldridge*, supra.