A03A0392. SPEAR et al. v. CALHOUN et al.
(584 SE2d 71)

SMITH, Chief Judge.

After Koneisha Cameron was shot and killed on New Year's Eve by an unknown person, her mother, Gennia Spear, individually and as parent and next friend filed a wrongful death action against Fred D. Calhoun III, the owner of the property where the shooting allegedly took place, and John Does 1-5. In this appeal, Spear challenges the grant of summary judgment to Calhoun and the denial of her motion to reopen the evidence. Because we find no error in either ruling, we affirm.

When considering a motion for summary judgment, the court should give the opposing party the benefit of all reasonable doubt and construe the evidence and all inferences and conclusions arising therefrom most favorably toward the nonmoving party. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). On appeal from summary judgment, this Court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

When so viewed, the evidence shows that 17-year-old Cameron was shot on New Year's Eve at approximately midnight. Apparently, Cameron died as the result of an errant bullet fired by someone who celebrated the imminent arrival of the New Year by discharging a gun into the air. Neither the decedent nor her family resided at the apartment complex where the fatal shooting occurred. The record does not demonstrate whether Cameron was a trespasser at the time of the incident or was lawfully on the premises to use the telephone at the apartment of a person Spear knew, as Spear contends. Investi-

gators allegedly discovered Cameron's body lying on a sidewalk near a parking lot on the premises and recovered 40 shell casings nearby.

Detective Ronald K. Walker, who investigated the incident, arrested two men for reckless conduct "based upon evidence that each had brought a gun onto the property at 1269 East Washington Avenue shortly before Ms. Cameron was shot." Walker testified that one of the men admitted firing three rounds from a .357 pistol "while he was at the party/incident location."

Spear sought to hold Calhoun liable for her daughter's death, theorizing that Calhoun had breached a duty to keep his premises safe "from unlawful acts of third parties" and maintained a nuisance. She alleged that Calhoun "knew or should have known of the risks posed by dangerous characters involved in criminal activity in and around the premises." Spear also sued John Doe 1, the unknown perpetrator who "negligently and/or recklessly fired a bullet in the immediate vicinity of plaintiff's decedent," and John Does 2-5, the owners, employees, managers, or other individuals "who bore responsibility at all times relevant hereto for maintaining conditions of safety at the real property." Without explaining any particular basis for doing so, the trial court granted summary judgment to Calhoun.

1. In five enumerations, Spear contends that the trial court erred in granting summary judgment. She claims that a jury should decide whether Calhoun lacked actual knowledge of the danger, whether the injury was reasonably foreseeable, and whether the claim was barred by the doctrine of equal or superior knowledge. Spear further asserts that the trial court erred if the court found that the victim was a trespasser or if the trial court found that "[defendant's] actions which caused [her] death were not willful and wanton." Although conceding the absence of a landlord/tenant relationship, Spear nevertheless asserts that Calhoun is liable for Cameron's death by fostering a drug-infested environment and by failing to take action to evict tenants who engaged in drug activity in his parking lot. Spear argues that Calhoun had disregarded a warning from police and his tenants about drug transactions taking place on his premises and thus ignored the concomitant presence of guns on his property.

As a general rule, the owner or occupier of land is liable to invitees for injuries caused by his failure to exercise ordinary care in keeping his premises and approaches safe. OCGA § 51-3-1. Liability for an injury to an invitee is predicated upon the landowner's or proprietor's superior knowledge of a hazard or dangerous condition existing on his premises that may subject an invitee to an unreasonable risk of harm. *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843, 845 (575 SE2d 732) (2002). But when the person on the premises is merely a social guest, "[t]he owner of the premises is liable to a licen-

see only for willful or wanton injury." OCGA § 51-3-2 (b). The threshold question is the nature of the legal duty, if any, that the defendant owed to the decedent. See *Barnes v. St. Stephen's Missionary Baptist Church*, 260 Ga. App. 765 (580 SE2d 587) (2003). This is so because "[r]egardless of the age or capacity of the injured or deceased person, in the absence of a breach of some legal duty toward such person by the [defendant], there can be no liability." (Citation omitted.) *Bowers v. Grizzle*, 214 Ga. App. 718, 720 (4) (448 SE2d 759) (1994) (physical precedent only).

The record contains no evidence that Cameron was on the premises at the invitation of one of Calhoun's tenants. See *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140, 141 (2) (424 SE2d 85) (1992). Since Cameron was, at most, a social guest or licensee, Calhoun owed only the duty not to injure her wilfully and wantonly. See *McDaniel v. Lawless*, 257 Ga. App. 187, 188 (570 SE2d 631) (2002). The standard of "wilful or wanton" imports deliberate acts or omissions, or such conduct that discloses an inference of conscious indifference to consequences. *Washington v. Trend Mills, Inc.*, 121 Ga. App. 659, 660 (175 SE2d 111) (1970). But Spear failed to show that Calhoun breached even this limited duty. Calhoun denied having any knowledge about the actual danger of firearms being discharged by revelers on New Year's Eve at or near his property. Calhoun testified without contradiction that before this incident, he had never heard about any incident or custom of teenagers firing guns up in the air on New Year's Eve. See *Stewart v. Harvard*, 239 Ga. App. 388, 392 (2) (520 SE2d 752) (1999) (actual danger encountered by the deceased or injured social guest must be known and foreseen by the property owner before any duty to protect exists). Only after being sued by Spear did Calhoun learn from one of his long-term tenants, Reba Bennett, what had happened that night. Calhoun testified that Bennett told him that about 50 or 75 "teenagers" had congregated out in the parking lot and on the street near the building and were "shooting guns up in the air." Bennett told him that her grandson was next to Cameron when she fell and, thinking that she had just tripped, he had tried to help her up.

Spear's reliance upon cases explicating the duty of a landlord to his tenants is misplaced because Cameron was not a tenant. Compare *Sturbridge Partners v. Walker*, 267 Ga. 785 (482 SE2d 339) (1997) (landlord's duty to tenants as to third-party criminal attacks); *Woodall v. Rivermont Apts.*, 239 Ga. App. 36, 41 (1) (520 SE2d 741) (1999) (physical precedent only) (landlord's duty to protect tenants from foreseeable crime).

Similarly, for two reasons, Spear's reliance upon premises liability cases that involve prior similar incidents is misplaced. First, Spear failed to offer evidence of substantially similar crimes occur-

ring on Calhoun's property. See *Sun Trust Banks v. Killebrew*, 266 Ga. 109-110 (464 SE2d 207) (1995) (bank not liable to customer shot by third party since bank had no knowledge of the prior crime). Second, the record fails to show that Calhoun had any prior knowledge of the New Year's Eve revelers.[1]

No evidence shows that Cameron's death was the result of activity by "armed drug dealers," the purported hazard for which Spear sought to hold Calhoun responsible. Any connection between the alleged drug activity and the New Year's Eve celebration is speculative at best. In fact, as Spear's counsel conceded at the hearing, Cameron was likely shot by a "New Year's Eve reveler." See *Southern Heritage Ins. Co. v. Greene Ins. Agency*, 249 Ga. App. 749, 752 (2) (549 SE2d 743) (2001). Also, no evidence established that the fatal bullet was fired by a person physically located on Calhoun's property rather than a New Year's Eve reveler some distance away.[2] For these reasons, we find that Calhoun was entitled to judgment as a matter of law. See *Stewart*, supra at 392 (2).

2. Spear contends that the trial court erred in mistakenly believing, after granting the motion to set aside summary judgment, that it was precluded from considering additional evidence because it was outside the original term of court.

On August 24, 2000, the trial court held a hearing on Calhoun's motion for summary judgment. After that hearing, Spear's counsel obtained the affidavits of Kytrina Ford and Ronald Walker and asked the trial court to consider them if the motion remained under consideration. Thereafter, the clerk's office apparently misinformed Spear's counsel that Calhoun's motion had been denied. On October 24, 2000, the trial court entered an order granting Calhoun's motion for summary judgment. Nearly 16 months later, to rectify a situation the trial court considered unfair with respect to the time for appeal, the court signed three orders on February 18, 2002. One order set aside the original award of summary judgment to Calhoun, another again granted Calhoun's motion for summary judgment, and the third

---

[1] At the motion hearing, defense counsel pointed out evidence that Cameron knew about the danger of bullets being discharged randomly into the air on New Year's Eve and had been specifically warned by both her mother and her aunt about that danger. But Spear's notice of appeal requested only Calhoun's deposition for inclusion in the record, and Calhoun did not file a designation of record as permitted by OCGA § 5-6-42. The record and hearing transcript contain numerous references to the depositions of Gennia Spear, Andrealene Spear, and Camelia King. These depositions, however, were not included in the record, and in their absence we will not consider the superior knowledge argument raised by Calhoun.

[2] Calhoun owned two buildings on East Washington Avenue in East Point. The buildings are not adjacent, and each consists of four units. Cameron was struck down in the area between one of Calhoun's buildings and a duplex next door that he did not own. A public housing project is down the street from this property.

denied Spear's motion to reopen the evidence. See *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980) (when losing party is not informed of the entry of an appealable order until after the time for appeal has run, a motion to set aside the judgment based on a clerical error under OCGA § 9-11-60 (g) should be granted and the order reissued to allow a timely appeal).

The decision to consider late filed evidence offered after a summary judgment hearing lies within the discretion of the trial court. See *Forest Lakes Home Owners Assn. v. Green Indus.*, 218 Ga. App. 890, 893 (2) (463 SE2d 723) (1995). "While the trial court is vested with discretion to consider affidavits not timely filed, the refusal to exercise that discretion is not error." (Citation omitted.) *Empire Shoe Co. v. Nico Indus.*, 197 Ga. App. 411, 416 (4) (398 SE2d 440) (1990). In any event, since the evidence at issue does not reflect the existence of a question requiring jury resolution, we cannot say that the trial court abused its discretion. See id.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED JUNE 20, 2003.

*Joyce W. Bergman*, for appellants.
*Mabry & McClelland, Robert M. Darroch, Gino L. Montoya*, for appellees.