A05A1006. THEESFELD v. IMAGE ELECTROLYSIS & SKIN CARE, INC.
(619 SE2d 303)

ANDREWS, Presiding Judge.

Sherrie Theesfeld sued Image Electrolysis & Skin Care, Inc. d/b/a Image Spa alleging that she was injured on the Image Spa premises while working as an invitee independent contractor for Image Spa. She alleged that Image Spa negligently failed to maintain a stool located on the premises in a safe condition, and that, when she

---

sat on the stool, she fell off and was injured. Theesfeld appeals from the trial court's grant of summary judgment in favor of Image Spa. For the following reasons, we affirm.

Image Spa sought summary judgment on two grounds. First, Image Spa contended that, prior to filing the present suit, Theesfeld filed a workers' compensation claim against it as a result of the fall, and that, when the State Board of Workers' Compensation (the Board) approved a settlement of the claim, the exclusive remedy provisions of OCGA § 34-9-11 (a) of the Workers' Compensation Act (WCA) barred the present suit. The trial court granted summary judgment on this ground. Second, Image Spa contended that, even if the exclusive remedy provisions of OCGA § 34-9-11 (a) did not bar the suit, it was entitled to summary judgment because Theesfeld's knowledge of the alleged unsafe condition was equal to or greater than Image Spa's knowledge. Although we find the record is insufficient to support the trial court's award of summary judgment on the first ground, we conclude under the right for any reason rule that Image Spa was entitled to summary judgment on the second ground.

1. It is undisputed that, after she fell, Theesfeld sought compensation under the WCA. Image Spa and Theesfeld entered into a settlement agreement on her claim which recited a dispute between the parties as to the applicability of the WCA and contained a stipulation that there was no liability under the WCA and that Theesfeld's injury was not compensable under the WCA. The settlement agreement, which was approved by the Board, contained nothing showing that it required the payment of any compensation to Theesfeld. Although Image Spa claims on appeal that Theesfeld received compensation payments pursuant to the settlement agreement, there is nothing in the record to support this claim.

Under OCGA § 34-9-15, where a dispute over the applicability of the WCA exists but the parties want to settle a claim, the Board is authorized to approve a settlement agreement which contains a "no-liability" stipulation and to enforce any compensation payment agreed to in the settlement. Moreover, we have held that, where compensation is paid pursuant to a settlement under OCGA § 34-9-15, the exclusive remedy provisions of OCGA § 34-9-11 (a) bar a subsequent tort suit by the injured party despite a stipulation in the settlement agreement that there was no liability under the WCA. *Ridley v. Monroe*, 256 Ga. App. 686, 687-689 (569 SE2d 561) (2002). Because, on the present record, there is no evidence that compensation was paid to Theesfeld pursuant to the Board-approved settlement agreement, the trial court erred by granting summary judgment to Image Spa on the basis that Theesfeld's suit was barred by the WCA's exclusive remedy provisions.

2. Nevertheless, we affirm the grant of summary judgment in favor of Image Spa because it was right for other reasons asserted by Image Spa in its motion for summary judgment. See *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002). Theesfeld alleged that she injured her back when, working as an independent contractor for Image Spa, she fell off a small stool used to perform pedicures. In deposition testimony, Theesfeld said the stool was about 12 to 14 inches high and had wheels on the legs so it could roll across the tile floor. Theesfeld testified that, when she sat on the front edge of the stool, the stool rolled backward out from under her and she fell to the floor. According to Theesfeld, the stool was unsafe because it had wheels and it was located on a slippery tile floor. But Theesfeld admitted in her deposition that she sat on the stool in the pedicure room on numerous occasions prior to the fall and was aware of the alleged unsafe condition.

Q. You were in there more than anybody?
A. Right, yes.
Q. If anybody knew the condition of the floor in combination with the wheels of that [stool], you knew that situation?
A. Yes.
Q. So you were fully aware before your accident happened that in your opinion, there was a problem with the floor and the chair?
A. Yes.

Assuming the combination of the wheeled stool on the tile floor was an unsafe condition on the premises of which Image Spa had actual or constructive knowledge, the record shows that Theesfeld had knowledge of the condition at least equal to the knowledge of Image Spa. In order to impose liability on Image Spa for injury to Theesfeld as an independent contractor business invitee, Theesfeld had the burden of showing that Image Spa had superior knowledge of the alleged unsafe condition on the premises. *McFadden Business Publications v. Guidry*, 177 Ga. App. 885, 886-887 (341 SE2d 294) (1986); *Gantt v. Dave & Buster's of Ga.*, 271 Ga. App. 457, 458 (610 SE2d 116) (2005). Because Theesfeld failed to produce any evidence that Image Spa had superior knowledge of the alleged unsafe condition, we affirm the grant of summary judgment in favor of Image Spa. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 24, 2005.
Premises liability. Gwinnett State Court. Before Judge Cook.
*Douglas R. Daum,* for appellant.
*McLain & Merritt, Howard M. Lessinger,* for appellee.