RUFFIN, Chief Judge.
 

 Following the death of Kiet Van Le ("Le"), Mai Luong filed a wrongful death suit against T & S Natural Resources, LLP ("T & S"), the company that owned the property where Le had been shot.
 
 [1]
 
 T & S moved for
 
 *798
 
 summary judgment, asserting inter alia that it did not have the superior knowledge needed to impose liability. The trial court granted the motion, and this appeal ensued. Finding no error, we affirm.
 

 1. As a threshold matter, we must discuss Luong's failure to adhere to this Court's rules. In particular, Luong violated the rule
 

 **16
 

 requiring that factual assertions be supported with citation of the record.
 
 [2]
 
 Although this violation was pointed out by T & S in its appellee brief, Luong did not rectify the error in her response brief. "Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court."
 
 [3]
 
 With respect to our requirement that briefs contain appropriate citation to the record, we note that it is not our job to cull the record on behalf of a party.
 
 [4]
 
 Given the shortcomings of Luong's brief, we are authorized to dismiss this appeal.
 
 [5]
 
 But the appellee has provided sufficient citation to the record for us to address generally Luong's enumerations of error. We will not, however, review the record to search for additional facts that might have supported Luong's claims on appeal.
 

 2. A trial court properly grants summary judgment when there are no genuine issues of material fact essential to a claim and the movant is entitled to judgment as a matter of law.
 
 [6]
 
 "We apply a de novo standard of review to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in [a] light most favorable to the nonmovant."
 
 [7]
 

 Viewed in this manner, the evidence shows that T & S owned property, which it leased to Nguyen Thi Thom. T & S retained control of the parking lot, and the lessee apparently operated a bar/restaurant on the premises. On December 16, 2001, Le was at the restaurant with friends when a fight started. According to a police report, Le had spent the day with several people, including Hung Nguyen. Le and Nguyen began fighting, and the fight moved to the parking lot where Nguyen shot Le. Several weeks later, Le died as a result of injuries received in the fight.
 

 Luong, who has three children fathered by Le, filed suit on her own behalf and as next friend to Le's children. In her complaint, Luong alleged that T & S knew that there was "criminal activity at [T & S's] location and the nearby vicinity" and was thus liable for failing to protect Le. T & S moved for summary judgment, asserting that "case[s] involving an altercation between two acquainted parties [
 

 **17
 

 are] distinguishable from those involving assaults against unknown parties." According to T & S, the assault on Le was predicated by his social relationship with his attacker and not by any lapse on the part of T & S. Thus, T & S reasons, it cannot be held liable for Le's death.
 

 The trial court agreed with T & S, finding that Le "`was with' and had spent `most of the day' prior to the incident" with his attacker. Based on evidence contained in the police report, the trial court concluded,
 

 as a matter of law, [that Le's] knowledge of any risk the assailant posed to [him] had been equal or superior[] to any knowledge then possessed by T & S, and [Le's] knowledge of the risk entailed by remaining in
 
 *799
 
 the company of his assailant [was] clear and palpable, making the grant of T & S's motion for summary judgment appropriate.
 

 On appeal, Luong argues that the trial court erred in finding that Le had knowledge of the risk Nguyen posed. Luong also contends that the trial court failed "to apply its duty to inquire into circumstances of prior criminal activities and their relationship to the crime in question."
 

 We agree that the record does not support the trial court's conclusion that Le knew his assailant, but for different reasons than those addressed on appeal. It is well settled in Georgia that hearsay lacks probative value.
 
 [8]
 
 And our Supreme Court has made equally clear that the narrative portions of police reports constitute hearsay.
 
 [9]
 
 Here, the only evidence that Le knew his attacker - at least the only evidence cited in the briefs - stems from the police report. As such, it is hearsay and lacks probative value.
 
 [10]
 
 Thus, the trial court was not authorized to consider such evidence in ruling on T & S's motion for summary judgment.
 
 [11]
 

 Although the trial court improperly relied upon hearsay, it does not follow that the lower court's ruling will be reversed as "`[a] grant of summary judgment must be affirmed if it is right for any reason.'"
 
 [12]
 
 Here, we are unable to agree with the lower court's analysis, but - given the evidence cited on appeal - we agree with the result.
 

 **18
 

 As a general rule, "a property owner is not an insurer of an invitee's safety, and an intervening criminal act by a third party generally insulates a proprietor from liability unless such criminal act was reasonably foreseeable."
 
 [13]
 
 "However, if the proprietor has reason to anticipate a criminal act, he or she then has a duty to exercise ordinary care to guard against injury from dangerous characters."
 
 [14]
 
 This is so because "[l]iability for an injury to an invitee is predicated upon the landowner's or proprietor's superior knowledge of a hazard or dangerous condition existing on his premises that may subject an invitee to an unreasonable risk of harm."
 
 [15]
 

 In this case, T & S moved for summary judgment, asserting that it did not have superior knowledge of the hazard. In support of its argument, T & S submitted the affidavit of Webb Hughes, a T & S general partner, who averred that he "had no knowledge of and had never been informed of any third party criminal activity occurring on the property." In view of this affidavit, the burden shifted to Luong to counter Hughes' assertion and provide some evidence that T & S had superior knowledge.
 
 [16]
 
 On appeal, Luong has failed to establish that she met this burden.
 

 Luong contends that "there is evidence that substantially similar criminal activity had existed on the premises." Yet Luong does not provide citation of the record to support this contention, much less demonstrate the similarity between the assault on Le and the prior criminal activity.
 
 [17]
 
 Moreover, Luong fails to demonstrate on appeal that T & S
 
 knew
 
 of the prior criminal activity. The mere fact that crime has occurred does not establish liability as a property owner
 
 *800
 
 in this State is under no duty to cull police records to discover criminal conduct.
 
 [18]
 

 The crux of Luong's argument is that the trial court failed to undertake the necessary analysis to determine whether the prior crimes were sufficiently similar to render the subsequent shooting of Le foreseeable. "Because she is the appellant, it is axiomatic that [Luong] bears the burden of showing error affirmatively by the
 

 **19
 

 record.
 
 [19]
 
 Here, the trial court concluded that T & S did not have superior knowledge of the risk of harm. To show that the trial court erred in so doing, Luong was required to show that there were prior events that occurred on T & S's property of which T & S was aware.
 
 [20]
 
 Luong's brief does not demonstrate where such evidence was presented to the trial court, and we will not cull the record on her behalf.
 
 [21]
 
 Under these circumstances, we find no basis for reversal.
 
 [22]
 

 Judgment affirmed.
 

 SMITH, P.J., and PHIPPS, J., concur.
 

 Luong filed suit both individually and as next friend to Le's children, including counts for wrongful death and public nuisance. Although the trial court granted summary judgment on the nuisance claim, Luong does not challenge this ruling on appeal. Accordingly, we do not address this issue. In addition to T & S, Luong sued Tran, whom Luong alleges operated the bar/restaurant where Le was shot. As Tran is not a party to this appeal, we refer solely to T & S.
 

 See Court of Appeals Rule 25(a)(1).
 

 (Punctuation omitted.)
 
 Hay v. Newton County,
 

 273 Ga.App. 423
 
 ,
 
 615 S.E.2d 234
 
 (2005).
 

 See
 
 Williams v. Resurgens and Affiliated Orthopaedists,
 

 267 Ga.App. 578
 
 , 579(1),
 
 600 S.E.2d 378
 
 (2004).
 

 See Court of Appeals Rule 7 ("Breach of any rule of the Court of Appeals . . . may subject the appeal to dismissal.").
 

 See
 
 Cook v. Micro Craft, Inc.,
 

 262 Ga.App. 434
 
 , 435,
 
 585 S.E.2d 628
 
 (2003).
 

 Id.
 

 See
 
 Rokowski v. Gilbert,
 

 275 Ga.App. 305
 
 , 315(9),
 
 620 S.E.2d 509
 
 (2005);
 
 Allen v. Clerk,
 

 273 Ga.App. 896
 
 , 899, n. 9,
 
 616 S.E.2d 213
 
 (2005);
 
 In the Interest of E.C.,
 

 271 Ga.App. 133
 
 , 135(1),
 
 609 S.E.2d 381
 
 (2004).
 

 See
 
 Brown v. State,
 

 274 Ga. 31
 
 , 33-34(1),
 
 549 S.E.2d 107
 
 (2001).
 

 See
 
 id.
 

 See
 
 Agnes Scott College v. Clark,
 

 273 Ga.App. 619
 
 , 620, n. 1,
 
 616 S.E.2d 468
 
 (2005).
 

 Washington v. J.D. Royer Wholesale Florist,
 

 275 Ga.App. 407
 
 ,
 
 620 S.E.2d 626
 
 (2005).
 

 Cook,
 

 supra at 437
 
 (1),
 
 585 S.E.2d 628
 
 .
 

 (Punctuation omitted.)
 
 Rice v. Six Flags Over Ga.,
 

 257 Ga.App. 864
 
 , 867,
 
 572 S.E.2d 322
 
 (2002).
 

 Spear v. Calhoun,
 

 261 Ga.App. 835
 
 , 836(1),
 
 584 S.E.2d 71
 
 (2003).
 

 See
 
 Theesfeld v. Image Electrolysis & Skin Care,
 

 274 Ga.App. 38
 
 , 40(2),
 
 619 S.E.2d 303
 
 (2005).
 

 Although Luong does provide a citation to the record, it does not correlate with any
 
 evidence
 
 contained in the record. Rather, she merely cites to the court's order and counsel's argument.
 

 See
 
 Sun Trust Banks v. Killebrew,
 

 266 Ga. 109
 
 ,
 
 464 S.E.2d 207
 
 (1995);
 
 Baker v. Simon Property Group,
 

 273 Ga.App. 406
 
 , 407(1),
 
 614 S.E.2d 793
 
 (2005).
 

 (Punctuation omitted.)
 
 Fluke v. Westerman,
 

 271 Ga.App. 418
 
 , 420(1),
 
 609 S.E.2d 744
 
 (2005).
 

 See
 
 Killebrew,
 
 supra;
 
 McDaniel v. Lawless,
 

 257 Ga.App. 187
 
 , 189,
 
 570 S.E.2d 631
 
 (2002).
 

 Harris v. State,
 

 256 Ga.App. 120
 
 , 122(2),
 
 567 S.E.2d 394
 
 (2002).
 

 See
 
 McDaniel,
 

 supra at 190
 
 ,
 
 570 S.E.2d 631
 
 (where record contains no competent evidence that criminal act was foreseeable, we will affirm a trial court's grant of summary judgment for property owner).