A10A1092. BARNES et al. v. MORGANTON BAPTIST
ASSOCIATION, INC.
A10A1093. BARNES et al. v. TANKERSLEY et al.
(703 SE2d 359)

MILLER, Chief Judge.

On September 26, 2005, 23-year-old Brian Lackhouse was fatally injured when he and his bicycle fell off a retaining wall adjacent to the parking lot of a Fannin County shopping center. Lackhouse's mother and sister, Brenda Barnes and Amanda Eavenson (the plaintiffs), brought this wrongful death action against Morganton Baptist Association, Inc., William T. Tankersley, and others (the defendants), the alleged co-owners of the wall. Following a hearing, the trial court granted the defendants' motions for summary judgment. On appeal, the plaintiffs contend that the trial court erred in its findings as to: the open and obvious condition of defendants' property; plaintiffs' claims of negligence, negligence per se, and nuisance; and Lackhouse's assumption of the risk.[1] We affirm because the evidence establishes as a matter of law that the defendants did not have superior knowledge of the danger posed by the retaining wall and the drop-off therefrom.

"We review the grant or denial of a motion for summary judgment de novo, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant." (Citation omitted.) *Nosiri v. Helm*, 301 Ga. App. 380 (687 SE2d 635) (2009).

So viewed, the evidence shows that Lackhouse and his friend Josh Lambert decided to go mountain bike riding. Lackhouse was concerned that his bike's gear chain needed to be adjusted, and he and Lambert drove to Cycle South, a business where Lackhouse had previously purchased his bicycle.

Adjacent to the parking lot of the shopping center where Cycle South is located is the top of a retaining wall rising up to 12 feet in height over the adjacent property. A sidewalk is constructed on top of

---

[1] In Case No. A10A1092, the plaintiffs appeal the trial court's order granting summary judgment to Morganton. In Case No. A10A1093, the plaintiffs appeal the trial court's separate order granting summary judgment to Tankersley, Angela T. Tankersley, Nix Arp Enterprises, Inc., Professional Janitorial Supply, Inc., Jerry D. Tammen, Jerry D. Tammen Charitable Trust U/T/A, and Serenity in the Mountains, Inc.

the wall. According to Lambert, he had driven to the shopping center with Lackhouse five or six times within a year before the incident and the retaining wall was readily visible during the drive there.

After arriving at Cycle South, Lackhouse spoke with the owner's wife and asked for a "derailer adjustment." She told him he could either leave the bike so that the owner, who had already left, could work on the bike in the morning, or he could bring it back the following day. Lackhouse told her he would bring the bike back the next day.

After going back outside, Lackhouse got on his bike in the parking lot to see if it would shift through the gears correctly. He tested the bike by riding it back and forth, making circles around the parking lot so that some times he was closer to the parked cars in front of the shopping center and other times he was closer to the sidewalk and the retaining wall. Lambert deposed that Lackhouse was traveling "at most five miles an hour," three or four feet away from and parallel to the sidewalk, and eight feet away from the drop-off, when his rear tire slid. Lackhouse put a foot down to catch his balance and began "hopping" in the direction of the retaining wall, with his foot on the pavement and then on the sidewalk. Lackhouse was unable to regain his balance on the sidewalk, and he and the bike fell onto, and then over, the curb of the retaining wall and onto the ground below. Tragically, he suffered traumatic head and brain injuries and died the next day.

The plaintiffs brought negligence, negligence per se, and nuisance claims against the defendants based on their failure to erect a fence or protective barrier on the sidewalk on top of the retaining wall which they allegedly co-owned as part of an integrated and nondivisible drainage easement system.

In granting summary judgment for the defendants,[2] the trial court found that the retaining wall was an open and obvious condition that could have been avoided by Lackhouse in the exercise of reasonable care, that he also assumed the risk of his actions, and that the defendants' claims of negligence, negligence per se, and nuisance failed. The trial court also found that the evidence did not authorize the imposition of punitive damages.

1. Plaintiffs challenge the trial court's finding that the property owned by the defendants constituted an open and obvious condition and that the hazard was avoidable by the exercise of ordinary care. We agree with the trial court.

---

[2] The trial court's separate grant of summary judgment to Morganton was based in part on its conclusion that the retaining wall was not located on Morganton's property, although it "continued its analysis of liability for alleged negligence[ ] independent of ownership of the retaining wall."

Assuming, but not deciding, that the defendants' duty of care to Lackhouse was that owed to an invitee,[3] the defendants were required

> to discover and either keep the premises safe from or warn of hidden dangers or defects not observable to such invitees in the exercise of ordinary care. However, there is no duty to warn against obvious or patent dangers which may be observed and avoided by the exercise of ordinary care.

(Citations and punctuation omitted.) *Rozy Investments, Inc. v. Bristow*, 276 Ga. App. 278, 279 (4) (623 SE2d 171) (2005). See OCGA § 51-3-1.

> [T]he basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.

(Citations and punctuation omitted.) *Froman v. Smith*, 197 Ga. App. 338, 339 (398 SE2d 413) (1990).[4] See *Dickerson v. Guest Svcs. Co. of Va.*, 282 Ga. 771, 772 (653 SE2d 699) (2007) ("proprietor may be liable only if he had superior knowledge of a condition that exposed an invitee to an unreasonable risk of harm") (citation and punctuation omitted).

It is undisputed that the defendants were aware of the retaining wall, but the evidence also establishes that Lackhouse had actual knowledge of the hazard. The wall was visible as Lackhouse drove up to Cycle South, and Lackhouse had driven to the shopping center with Lambert several times before and had been to the bike shop at least a dozen times. Lambert deposed that the wall and the drop-off therefrom was obvious and plaintiffs do not show otherwise. During the hearing on summary judgment plaintiffs' counsel admitted that

---

[3] The defendants do not admit any duty to Lackhouse arising out of their alleged joint ownership of the retaining wall and sidewalk, but the trial court only reached this issue in the order granting summary judgment to Morganton. Inasmuch as we conclude that the defendants are not liable for Lackhouse's injuries as an invitee on the premises, we need not consider whether the trial court erred in granting summary judgment to Morganton on the additional ground that the retaining wall was not located on its property.

[4] To the extent that plaintiffs contend that defendants are guilty of wilful and wanton conduct, see OCGA § 51-3-2 (b) (owner liable to licensee only for wilful or wanton injury), the test of liability, so long as an owner knows or reasonably should anticipate the presence of the injured party, remains the owner's superior knowledge of the hazard. See *McCullough v. Reyes*, 287 Ga. App. 483, 487 (2) (651 SE2d 810) (2007).

Lackhouse knew about the retaining wall and that "in lay terms, it is open, it is obvious."

The superior/equal knowledge rule "is the practical application of a rule that a knowledgeable plaintiff cannot recover damages if by ordinary care he could have avoided the consequences of defendant's negligence. OCGA § 51-11-7." (Punctuation omitted.) *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240, 242 (1) (390 SE2d 248) (1990). Plaintiffs argue that there nevertheless remain issues of fact as to whether Lackhouse was exercising reasonable care for his safety, particularly because he was slowly riding his bike parallel to the wall, and a jury could conclude he was not attempting to recklessly test or otherwise engage the wall. But plaintiffs are not able to avoid the application of the superior/equal knowledge rule in this case. Unlike in recent decisions such as *Baker v. Harcon, Inc.*, 303 Ga. App. 749, 753 (a) (i) (694 SE2d 673) (2010) (plaintiff's knowledge of location of trash chute through which he fell at issue) and *Nosiri*, supra, 301 Ga. App. at 381 (issue of fact as to plaintiff's knowledge that cord over which she tripped was a continuing hazard), Lackhouse's knowledge of the hazard is not an issue for the jury. The retaining wall and the drop-off were an open and obvious static condition of which Lackhouse had actual knowledge, and the danger posed by falling therefrom was both apparent and avoidable by the exercise of reasonable care. See *Winchester v. Sun Valley-Atlanta Assoc.*, 206 Ga. App. 140 (424 SE2d 85) (1992) (owner not liable for injuries sustained by five-year-old child who fell over an obviously visible retaining wall); *Laite v. Baxter*, 126 Ga. App. 743, 747 (2) (191 SE2d 531) (1972) ("[n]o danger is more commonly realized or risk appreciated . . . than that of falling") (punctuation omitted). It follows that the trial court correctly granted summary judgment to the defendants.[5] See *Roth v. Wu*, 199 Ga. App. 665, 666 (1) (405 SE2d 741) (1991) ("[t]he true ground of liability is the landowner's superior knowledge of the perilous condition and the danger therefrom to persons coming upon the property") (citations and punctuation omitted).

2. The plaintiffs further contend that the trial court erred in

---

[5] Viewed strictly as a slip-and-fall case, the plaintiffs also fail to satisfy the required elements reaffirmed in *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997): "(1) that the defendant[s] had actual or constructive knowledge of the hazard; and (2) that [Lackhouse] lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Id. Plaintiffs argue that Lackhouse did not have knowledge of the hazard that caused his tire to slip, but they refuse to specify what that hazard might be. In the hearing on motion for summary judgment, the trial court also asked plaintiffs' counsel, "So, there was nothing in the parking lot itself that would have caused anything to happen to his bicycle; is that what you're saying to me?" Counsel responded, "The way you're framing that, yes."

granting summary judgment to the defendants on plaintiffs' claims of negligence, negligence per se, and nuisance. We disagree.

(a) Plaintiffs argue that defendants had a duty to enclose or otherwise guard an excavation on their property "which lies in dangerous proximity to a public street or sidewalk as to afford one passing along the street or sidewalk, in the exercise of ordinary care, reasonable immunity against the danger of casually falling therein." *Smith v. Seawright*, 33 Ga. App. 336 (126 SE 301) (1925). Assuming, but not deciding, that a 12-foot drop-off from the top of a static condition such as a retaining wall could be deemed an "excavation" for this purpose and that the defendants were required to guard it as such, "[b]reach of duty alone does not make a defendant liable in negligence. The rule remains that the true ground of liability is the *superior* knowledge of the property owner or occupier of the existence of a condition that may subject the invitee to an unreasonable risk of harm." (Citation and punctuation omitted; emphasis in original.) *Brazier v. Phoenix Group Mgmt.*, 280 Ga. App. 67, 70-71 (1) (a) (633 SE2d 354) (2006). See *Sykes v. Colony Regency Partners*, 226 Ga. App. 804, 806 (487 SE2d 408) (1997) (where plaintiff was injured in an excavation at issue was owner's superior knowledge). As we found in Division 1, supra, the defendants did not have superior knowledge of the danger posed by the retaining wall.

(b) Plaintiffs contend that defendants were in violation of the state building code for failing to erect a guard against the sidewalk. But even assuming, without deciding, that plaintiffs are correct that the defendants were negligent per se in failing to comply with the building code, this does not impose liability where the owner lacks superior knowledge of the hazard. See *Yasinsac v. Colonial Oil Properties*, 246 Ga. App. 484, 486 (3) (541 SE2d 109) (2000) ("Even if [plaintiff] could show . . . negligence per se as a violation of the building code, she would be precluded from recovering because of the equal knowledge rule.") (footnote omitted). Compare *Johnston v. Ross*, 264 Ga. App. 252, 253-254 (590 SE2d 386) (2003) (involving relationship between residential tenant and a landlord) with *Trans-Vaughn Dev. Corp. v. Cummings*, 273 Ga. App. 505, 509 (615 SE2d 579) (2005) (in light of plaintiff's knowledge of the defect, "summary judgment [to owner] is proper, irrespective of whether the rear entrance violated applicable building codes, and regardless of whether [owner] knew of these violations beforehand but did nothing about them") (citations omitted).

(c) As to plaintiffs' nuisance claim, it "stem[s] from defendants' alleged failure to keep the premises safe and, essentially, constitute[s] a breach of the same duty to protect [Lackhouse]." *Traicoff v. Withers*, 247 Ga. App. 428, 429, n. 5 (544 SE2d 177) (2000). See *Nemeth v. RREEF America*, 283 Ga. App. 795, 797-798 (1) (643 SE2d

283) (2007) (summary judgment to defendant proper on plaintiff's premises liability and nuisance claims because defendant did not have superior knowledge of the hazard).

We conclude that the trial court did not err in granting summary judgment to defendants on plaintiffs' negligence, negligence per se, and nuisance claims.

3. Plaintiffs argue that the trial court erred in finding insufficient evidence to support their claim for punitive damages. We disagree. "Since [plaintiffs] cannot recover on [their] underlying tort claims as a matter of law, there can be no punitive damages thereon." (Citation and punctuation omitted.) *Benefit Support v. Hall County*, 281 Ga. App. 825, 833 (6) (637 SE2d 763) (2006).

4. The trial court also found that Lackhouse assumed the risk of his injuries as a matter of law. In view of the foregoing, however, we need not reach this issue.

*Judgments affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 10, 2010.

*Kaplan & Seifter, Brad C. Kaplan, James I. Seifter*, for appellants.

*Drew, Eckl & Farnham, Barbara A. Marschalk, Downey & Cleveland, Joseph C. Parker, Gray, King, Chamberlain & Martineau, William E. Gray II, Hicks, Casey & Foster, Lisa K. Whitfield, Carlock, Copeland & Stair, Heather H. Miller, Hawkins, Parnell, Thackston & Young, Assunta S. Fiorini, Mabry & McClelland, David T. Markle, Brian C. McCarthy, Michael D. Birchmore, Laura V. Benesh*, for appellees.